# EXHIBIT A

NYSCEF

New York County Supreme Court

**Document List**

Index #  152566/2025          Created on:04/02/2025 12:20 PM

Case Caption:   **PCVA JANE DOE v. UNIVERSAL MUSIC GROUP, INC. et al**

Judge Name:   **Leslie Stroth**

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|--------------------------|--------|---------------|----------|
| 1 | SUMMONS + COMPLAINT | Processed | 02/26/2025 | Franken, L. |
| 2 | ORDER TO SHOW CAUSE ( PROPOSED ) (Motion #001) | Processed | 02/26/2025 | Franken, L. |
| 3 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF PROPOSED OSC/EXPARTE APP | Processed | 02/26/2025 | Franken, L. |
| 4 | EXHIBIT(S) - 1<br>Impact of Sexual Violence | Processed | 02/26/2025 | Franken, L. |
| 5 | EXHIBIT(S) - 2<br>Why Don't Victims Come Forward Sooner | Processed | 02/26/2025 | Franken, L. |
| 6 | MEMORANDUM OF LAW IN SUPPORT | Processed | 02/26/2025 | Franken, L. |
| 7 | RJI -RE: ORDER TO SHOW CAUSE | Processed | 02/26/2025 | Franken, L. |
| 8 | ORDER TO SHOW CAUSE (Motion #001) | Processed | 02/28/2025 | Court User |
| 9 | NOTICE OF APPEARANCE (POST RJI) | Processed | 03/10/2025 | Commons Durham, K. |
| 10 | NOTICE OF APPEARANCE (POST RJI) | Processed | 03/10/2025 | Eisen, A. |
| 11 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affidavit of Service on Universal Music Group, Inc. | Processed | 03/14/2025 | Franken, L. |
| 12 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affidavit of Service on UMG Recordings, Inc. | Processed | 03/14/2025 | Franken, L. |
| 13 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affidavit of Service on Universal Music Corp. | Processed | 03/14/2025 | Franken, L. |
| 14 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affidavit of Service on Def Jam Music, Inc. | Processed | 03/14/2025 | Franken, L. |
| 15 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affidavit of Service on Def Jam Records, Inc. | Processed | 03/14/2025 | Franken, L. |
| 16 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affidavit of Service on Kevin Wesley Liles | Processed | 03/14/2025 | Franken, L. |
| 17 | COMPLAINT (AMENDED) | Pending | 04/02/2025 | Franken, L. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

PCVA JANE DOE,                                   Index No.: _____

                                Plaintiff,       **SUMMONS**

-against-                                        Plaintiff designates New York
                                                 County as the place of trial.

UNIVERSAL MUSIC GROUP, INC., UMG
RECORDINGS, INC., UNIVERSAL MUSIC CORP.,         The basis of venue is CPLR § 503:
DEF JAM MUSIC, INC., DEF JAM RECORDS, INC,       the location in which a substantial
and KEVIN WESLEY LILES,                          part of the events or omissions
                                Defendants.      giving rise to plaintiff's claims
                                                 occurred.

---

TO THE ABOVE-NAMED DEFENDANTS:

     YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

     Dated: February 23, 2025

          PFAU COCHRAN VERTETIS AMALA PLLC

          By: *Lucas B. Franken*
             Lucas B. Franken
             lfranken@pcvalaw.com
             Mallory C. Allen
             mallen@pcvalaw.com
             31 Hudson Yards, 11th Floor
             New York, NY 10001-2170

             *Attorney for Plaintiff*

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

PCVA JANE DOE,

         Plaintiff,

-against-

UNIVERSAL MUSIC GROUP, INC., UMG
RECORDINGS, INC., UNIVERSAL MUSIC CORP.,
DEF JAM MUSIC, INC., DEF JAM RECORDS, INC,
and KEVIN WESLEY LILES,

         Defendants.

---

Index No.: _____

**<u>VERIFIED COMPLAINT</u>**

Plaintiff PCVA Jane Doe, by and through her attorneys, the law firm Pfau Cochran Vertetis Amala PLLC, respectfully alleges for her complaint the following:

## I.  INTRODUCTION

1.  Plaintiff, PCVA Jane Doe, files this Complaint for damages based on the Victims of Gender-Motivated Violence Protection Law (hereafter "VGM") (New York City Administrative Code § 10-1101 *et seq.* and §§ 8-901-8-907 *et seq.*) for the sexual harassment, rape and abuse by Kevin Wesley Liles ("Kevin Liles") and the permitting, aiding, abetting, conspiring, ratifying and enabling of the sexual harassment, assault and rape by UMG Recordings, Inc., Universal Music Corp., Universal Music Group, Inc., Def Jam Music Inc., Def Jam Records, Inc., (*collectively* "the corporate defendants"). On January 9, 2022, an amendment to the VGM was enacted by the New York City council. This amendment allows survivors of gender-motivated violence, whose claims were previously time-barred, to file a lawsuit against their abuser and/or the person or entity who enabled, directed or conspired with said abuser, during a two-year lookback period. The lookback window began on March 1, 2023 and will end on March 1, 2025.

## II.    PARTIES, JURISDICTION AND VENUE

2.      Plaintiff PCVA Jane Doe is a female over 18 years of age who currently resides in West Haven, Connecticut.

3.      At all relevant times PCVA Jane Doe was a victim of one or more criminal sex acts in the State of New York.  Since such criminal violation is the basis for this action, plaintiff PVCA Jane Doe is entitled to the protection of Civil Rights Law 50-b and will file a motion asking this Court for permission to proceed using a pseudonym.

4.      Plaintiff will likewise seek a stipulation from the defendants agreeing to enter into a protective order which will ensure that her identity is protected from the public while allowing the defendants full access to information necessary for their defense.

5.      While PCVA Jane Doe was an employee of the corporate defendants she was a victim of one or more violent, criminal sex acts perpetrated by defendant Kevin Liles which were motivated by gender and animus based on gender in the State of New York which was/were committed, directed, permitted and/or enabled by the corporate defendants, including sex acts that would constitute a sexual offense under NY Penal Laws, *inter alia*,   130.52, 130.50 and 130.35.

6.      At all relevant times defendant Universal Music Group, Inc. was a foreign business corporation by virtue of the laws of the state of Delaware, with its principal place of business in Santa Monica, California.

7.      Upon information and belief, at all relevant times defendant Universal Music Group, Inc. was authorized to conduct business in and under the laws of the State of New York and did conduct business in the State of New York and derived substantial revenue therefrom.

8.      At all relevant times defendant UMG Recordings, Inc. was a foreign business corporation by virtue of the laws of the state of Delaware, with its principal place of business in Santa Monica, California.

2

9.      Upon information and belief, at all relevant times defendant UMG Recordings, Inc. was authorized to conduct business in and under the laws of the State of New York and did conduct business in the State of New York and derived substantial revenue therefrom.

10.     At all relevant times defendant Universal Music Corp. was a foreign business corporation by virtue of the laws of the state of Delaware, with its principal place of business in Santa Monica, California.

11.     Upon information and belief, at all relevant times defendant Universal Music Corp. was authorized to conduct business in and under the laws of the State of New York and did conduct business in the State of New York and derived substantial revenue therefrom.

12.     At all relevant times defendant Def Jam Records, Inc. was a foreign business corporation by virtue of the laws of the state of Delaware, with its principal place of business in Santa Monica, California.

13.     Upon information and belief, at all relevant times defendant Def Jam Records, Inc. was authorized to conduct business in and under the laws of the State of New York and did conduct business in the State of New York and derived substantial revenue therefrom.

14.     At all relevant times defendant Def Jam Music, Inc. was a domestic business corporation existing and governed by virtue of the laws of the state of State of New York, with its principal place of business in New York County.

15.     Upon information and belief, at all relevant times defendant Def Jam Records, Inc. was affiliated with, a subsidiary of and/or owned, operated and controlled by defendant Universal Music Group, Inc.

16.     Upon information and belief, at all relevant times defendant Def Jam Records, Inc. was affiliated with, a subsidiary of and/or owned, operated and controlled by defendant UMG Recordings, Inc.

Case 1:25-cv-02745-NRB    Document 1-1    Filed 04/02/25    Page 7 of 88

17.     Upon information and belief, at all relevant times defendant Def Jam Records, Inc. was affiliated with, a subsidiary of and/or owned, operated and controlled by defendant Universal Music Corp.

18.     Upon information and belief, at all relevant times defendant Def Jam Music, Inc. was affiliated with, a subsidiary of and/or owned, operated and controlled by defendant Universal Music Group, Inc.

19.     Upon information and belief, at all relevant times defendant Def Jam Music, Inc. was affiliated with, a subsidiary of and/or owned, operated and controlled by defendant UMG Recordings, Inc.

20.     Upon information and belief, at all relevant times defendant Def Jam Music, Inc. was affiliated with, a subsidiary of and/or owned, operated and controlled by defendant Universal Music Corp.

21.     Upon information and belief, at all relevant times defendant Def Jam Music, Inc. was affiliated with, a subsidiary of and/or owned, operated and controlled by defendant Universal Music Corp.

22.     Upon information and belief, at all relevant times defendant Universal Music Group, Inc. operated, owned, controlled, managed, supervised a music record label division which was generally known to the public at large as "Def Jam Recordings", "Def Jam" and/or "Island Def Jam."

23.     Upon information and belief, at all relevant times defendant UMG Recordings, Inc. operated, owned, controlled, managed, supervised a music record label division which was generally known to the public at large as "Def Jam Recordings", "Def Jam" and/or "Island Def Jam."

4

Case 1:25-cv-02745-NRB    Document 1-1    Filed 04/02/25    Page 8 of 88

24.     Upon information and belief, at all relevant times defendant Universal Music Corp. operated, owned, controlled, managed, supervised a music record label division which was generally known to the public at large as "Def Jam Recordings", "Def Jam" and/or "Island Def Jam."

25.     Upon information and belief, at all relevant times defendant Def Jam Records, Inc. operated, owned, controlled, managed, supervised a music record label division which was generally known to the public at large as "Def Jam Recordings", "Def Jam" and/or "Island Def Jam."

26.     Upon information and belief, at all relevant times defendant Def Jam Music, Inc. operated, owned, controlled, managed, supervised a music record label division which was generally known to the public at large as "Def Jam Recordings", "Def Jam" and/or "Island Def Jam."

27.     Upon information and belief, defendant Kevin Liles is an adult male who currently resides in Cresskill, New Jersey.

28.     Upon information and belief, at all times relevant, defendant Kevin Liles was an agent, servant, borrowed employee and/or employee of the corporate defendants and was operating under the direction and control of said corporate defendants.

29.     Upon information and belief, at all relevant times, Kevin Liles held a senior/executive/supervisory position within the corporate defendants, including but not limited to, president of "Def Jam Records", "Def Jam" and executive vice president of "Island Def Jam".

30.     To the extent that Universal Music Group, Inc. was, or operated as, a different entity, corporation, or organization when Kevin Liles used his position as an employee, agent, or servant of Universal Music Group, Inc. to sexually abuse and assault PCVA Jane Doe, such entity,

corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named in the caption and in this complaint as Universal Music Group, Inc.

31.     To the extent that Universal Music Corp. was, or operated as, a different entity, corporation, or organization when Kevin Liles used his position as an employee, agent, or servant of Universal Music Corp. to sexually abuse and assault PCVA Jane Doe, such entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named in the caption and in this complaint as Universal Music Corp.

32.     To the extent that UMG Recordings Inc., was, or operated as, a different entity, corporation, or organization when Kevin Liles used his position as an employee, agent, or servant of UMG Recordings Inc. to sexually abuse and assault PCVA Jane Doe, such entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named in the caption and in this complaint as UMG Recordings Inc.

33.     To the extent that Def Jam Music, Inc., was, or operated as, a different entity, corporation, or organization when Kevin Liles used his position as an employee, agent, or servant of Def Jam Music, Inc. to sexually abuse and assault PCVA Jane Doe, such entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named in the caption and in this complaint as Def Jam Music, Inc.

34.     To the extent that Def Jam Records, Inc., was, or operated as, a different entity, corporation, or organization when Kevin Liles used his position as an employee, agent, or servant of Def Jam Records, Inc. to sexually abuse and assault PCVA Jane Doe, such entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named in the caption and in this complaint as Def Jam Records, Inc.

35.     To the extent that defendant Universal Music Group, Inc. is a successor to a different entity, corporation, or organization that existed when Kevin Liles used his position as an

employee, agent, or servant of Universal Music Group, Inc. to sexually abuse PCVA Jane Doe, or that may be liable for Kevin Liles' sexual abuse of PCVA Jane Doe in this lawsuit, including any other entity, corporation, or organization that subsequently or eventually merged into Universal Music Group, Inc., such predecessor entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named in the caption and in this complaint as Universal Music Group, Inc.

36.     To the extent that defendant Universal Music Corp. is a successor to a different entity, corporation, or organization that existed when Kevin Liles used his position as an employee, agent, or servant of Universal Music Corp. to sexually abuse PCVA Jane Doe, or that may be liable for Kevin Liles' sexual abuse of PCVA Jane Doe in this lawsuit, including any other entity, corporation, or organization that subsequently or eventually merged into Universal Music Corp., such predecessor entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named in the caption and in this complaint as Universal Music Corp.

37.     To the extent that defendant UMG Recordings Inc. is a successor to a different entity, corporation, or organization that existed when Kevin Liles used his position as an employee, agent, or servant of UMG Recordings Inc. to sexually abuse PCVA Jane Doe, or that may be liable for Kevin Liles' sexual abuse of PCVA Jane Doe in this lawsuit, including any other entity, corporation, or organization that subsequently or eventually merged into UMG Recordings Inc., such predecessor entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named in the caption and in this complaint as UMG Recordings Inc.

38.     To the extent that defendant Def Jam Music, Inc. is a successor to a different entity, corporation, or organization that existed when Kevin Liles used his position as an employee, agent,

or servant of Def Jam Music, Inc. to sexually abuse PCVA Jane Doe, or that may be liable for Kevin Liles' sexual abuse of PCVA Jane Doe in this lawsuit, including any other entity, corporation, or organization that subsequently or eventually merged into Def Jam Music, Inc., such predecessor entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named in the caption and in this complaint as Def Jam Music, Inc.

39.     To the extent that defendant Def Jam Records, Inc. is a successor to a different entity, corporation, or organization that existed when Kevin Liles used his position as an employee, agent, or servant of Def Jam Records, Inc. to sexually abuse PCVA Jane Doe, or that may be liable for Kevin Liles' sexual abuse of PCVA Jane Doe in this lawsuit, including any other entity, corporation, or organization that subsequently or eventually merged into Def Jam Music, Inc., such predecessor entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named in the caption and in this complaint as Def Jam Records, Inc.

40.     Based on the foregoing, this Court has jurisdiction over the corporate defendants pursuant to CPLR §§ 301 and 302 in that these defendants, at all relevant times:

a.     Reside and/or resided in New York State;

b.     Conducted business activities in New York State that give rise to the claims asserted herein;

c.     Transacted business in New York State;

d.     Committed tortious acts in New York State that give rise to the claims asserted herein.

41.     Based on the foregoing, this Court has jurisdiction over defendant Kevin Liles pursuant to CPLR §§ 301 and 302 in that this defendant, at all relevant times:

a.     Reside and/or resided in New York State;

b.      Conducted business activities in New York State that give rise to the claims asserted herein;

c.      Transacted business in New York State;

d.      Committed tortious acts in New York State that give rise to the claims asserted herein.

42.     Venue is proper pursuant to CPLR § 503 because a substantial part of the events and/or omissions giving rise to this action occurred in New York County.

43.     The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### III.     STATEMENT OF FACTS

44.     Plaintiff PCVA Jane Doe repeats and re-alleges the above allegations.

45.     At all relevant times, PCVA Jane Doe was an employee of the corporate defendants.

46.     PCVA Jane Doe began her employment for the corporate defendants in approximately 1999, and she was the executive assistant to the general manager, working at the corporate defendants' office in New York County, State of New York.

47.     At all times relevant, defendant Kevin Liles was a supervisor/executive member of the corporate defendants, serving as the executive/president of "Def Jam Recordings"/"Def Jam" and executive vice president of "Island Def Jam" who worked at the corporate defendants' office in New York County, State of New York.

48.     Soon after PCVA Jane Doe began working for the corporate defendants at the aforementioned location in New York County, State of New York, Kevin Liles began sexually harassing her, including making derogatory and degrading comments based on her gender regarding her body and appearance. Those events occurred at the premises and facilities owned, operated, supervised, managed and controlled by the corporate defendants.

9

Case 1:25-cv-02745-NRB    Document 1-1    Filed 04/02/25    Page 13 of 88

49.     From approximately 2000 to and through 2002, the sexual harassment by Kevin Liles escalated. For example, on numerous occasions, Kevin Liles pressed his body against PCVA Jane Doe's breasts. Kevin Liles also grabbed PCVA Jane Doe on the buttocks. These events occurred in the facilities owned, operated, supervised, managed and controlled by the corporate defendants.

50.     In 2002, PCVA Jane Doe was working with Kevin Liles at the aforementioned office of the corporate defendants. On that occasion, Kevin Liles began making sexually inappropriate comments and advances towards plaintiff which she rebuffed. Kevin Liles proceeded to physically force himself on top of PCVA Doe where he began to sexually assault and ultimately rape her despite her continued protests.

51.     At all relevant times, the corporate defendants managed, maintained, supervised, operated, and/or controlled the facilities and locations that Kevin Liles used to sexually abuse, assault and rape PCVA Jane Doe.

52.     At all relevant times the corporate defendants hired, managed, supervised, and/or controlled the personnel, administrators, and staff that worked, served, and/or volunteered at their facilities and locations, including Kevin Liles and all other persons who worked, served, and/or volunteered at the record label division known as "Def Jam Recordings", "Def Jam" and/or "Island Def Jam", and the facilities and locations where PCVA Jane Doe was sexually abused, assaulted and raped by Kevin Liles.

53.     At all relevant times herein, the corporate defendants enabled, permitted, directed, controlled, approved, managed, operated and ratified the manner in which Liles engaged with employees of the corporate defendants, including Plaintiff.

54.     At all relevant times the corporate defendants held themselves out to the public and to Kevin Liles as the owner of the record label division known as "Def Jam Recordings", "Def

10

Jam" and/or "Island Def Jam", including the facilities and locations where PCVA Jane Doe was sexually abused, assaulted and raped by Kevin Liles.

55.     At all relevant times the corporate defendants held out their agents, servants, and employees to the public and to PCVA Jane Doe as those who managed, maintained, supervised, operated, and controlled their facilities and locations, including the facilities and locations where PCVA Jane Doe was sexually abused, assaulted and raped by Kevin Liles.

56.     At all relevant times the corporate defendants held out their agents, servants, and employees to the public and to PCVA Jane Doe as those who hired, managed, supervised, and controlled the personnel, administrators, and staff that worked, served, and/or volunteered at their facilities and locations, including Kevin Liles and all other persons who worked, served, and/or volunteered for the corporate defendants, and the facilities and locations where PCVA Jane Doe was sexually abused, assaulted and raped by Kevin Liles.

57.     At all relevant times the corporate defendants materially benefited from the activities of Kevin Liles, the operation of the record label division known as "Def Jam Recordings", "Def Jam" and/or "Island Def Jam" and the facilities and locations where PCVA Jane Doe was sexually abused, assaulted and raped by Kevin Liles.

58.     At all relevant times Kevin Liles was an employee, borrowed employee, agent, and/or servant of the corporate defendants, including president of the record label division known as "Def Jam Recordings", "Def Jam" and/or the executive vice president of "Island Def Jam", who worked, served, and/or volunteered for the corporate defendants and the facilities and locations where PCVA Jane Doe was sexually abused, assaulted and raped by Kevin Liles.

59.     At all relevant times Kevin Liles was an employee, borrowed employee, agent, and/or servant of the corporate defendants.

11

Case 1:25-cv-02745-NRB   Document 1-1   Filed 04/02/25   Page 15 of 88

60.     At all relevant times the corporate defendants held Kevin Liles out to the public and to PCVA Jane Doe as their employee, borrowed employee, agent, and/or servant.

61.     At all relevant times Kevin Liles was acting in the course and scope of his employment as an employee, borrowed employee, agent, and/or servant of the corporate defendants.

62.     At all relevant times the corporate defendants allowed Kevin Liles to use their offices or facilities on the premises owned, operated, supervised, managed, controlled by the corporate defendants to sexually abuse, assault and rape PCVA Jane Doe.

63.     Kevin Liles used his position as an employee, borrowed employee, agent, and/or servant of the corporate defendants to sexually abuse, assault and rape PCVA Jane Doe while using their facilities and locations.

64.     Kevin Liles used the facilities and locations of the corporate defendants to sexually abuse, assault and rape PCVA Jane Doe.

65.     The acts of Kevin Liles against PVCA Jane Doe constitute crimes under Article 130 of the New York State Penal Law including, but not limited to, Rape in the First Degree, Penal Law § 130.35, Forcible Touching, Penal Law § 130.52, Criminal Sexual Act in the First Degree, Penal Law §130.50.

## IV.     CAUSES OF ACTION

### A.     FIRST CAUSE OF ACTION: AS AGAINST ALL DEFENDANTS - VICTIMS OF GENDER-MOTIVATED VIOLENCE PROTECTION LAW, NYC ADMIN. CODE §§ 10-1101 – 10-1107, *ET SEQ,* AND 9 §§ 8-901-8-907 *ET SEQ*

66.     Plaintiff repeats and re-alleges the above allegations.

67.     Plaintiff is a victim of a crime of violence and a crime motivated by gender pursuant to NYC Administrative Code Section § 10-1103 and § 8-903.

12

68.     Kevin Liles committed an act or series of acts that constitute a misdemeanor(s) and/or felony(ies) against Plaintiff as aforestated.

69.     The acts of Kevin Liles presented a serious risk of physical injury to Plaintiff.

70.     The acts of Kevin Liles were crimes of violence committed because of Plaintiff's gender or on the basis of Plaintiff's gender, and due, at least in part, to an animus based on Plaintiff's gender.

71.     Plaintiff was injured by the commission of a crime(s) of violence which was motivated by her gender and by animus based on Plaintiff's gender.

72.     The corporate defendants not only knew or should have known of Kevin Liles' propensity to commit the aforementioned crimes of violence motivated by gender animus, but also directed, enabled, permitted, participated in and/or conspired in the aforementioned crimes of violence motivated by gender animus by Kevin Liles and said actions and/or omissions of the corporate defendants were the proximate cause of, and a substantial factor of the aforementioned crimes of violence motivated by gender animus perpetrated by Kevin Liles against Plaintiff.

73.     By ignoring, dismissing, and failing to take any action against Kevin Liles such as firing him or reporting him to the police, the corporate defendants conspired, enabled and permitted Kevin Liles to commit the aforementioned crimes of violence motivated by gender animus against Plaintiff.

74.     By conspiring to permit Kevin Liles to commit acts of gender based sexual violence against Plaintiff and others due to the pecuniary and reputational benefit that Kevin Liles provided to the business of the corporate defendants.

75.     The actions and/or omissions of the corporate defendants as aforestated were done with animus, malice and a reckless disregard for the rights, safety and well-being of Plaintiff.

13

76.    By reason of the foregoing, Plaintiff has suffered damages and all defendants are liable to Plaintiff for compensatory damages and punitive damages, together with interest, costs and attorneys' fees.

### B.    SECOND CAUSE OF ACTION: AS AGAINST THE CORPORATE DEFENDANTS – NEGLIGENCE

77.    Plaintiff repeats and re-alleges the above allegations.

78.    At all relevant times, Kevin Liles was under the supervision, employ, direction and/or control of the corporate defendants.

79.    At all relevant times the corporate defendants owed a duty to take reasonable steps to protect its employees, including Plaintiff, from foreseeable harm including Kevin Liles' propensity to sexually abuse, assault and rape their employees.

80.    The corporate defendants breached the foregoing duty by failing to exercise reasonable care to prevent Kevin Liles from sexually abusing, assaulting and raping Plaintiff while Plaintiff was an employee of the corporate defendants and performing her job functions at the facilities and locations owned, operated, controlled, supervised and managed by the corporate defendants in furtherance of the business interests of the corporate defendants.

81.    The corporate defendants also had a duty to take reasonable steps to prevent defendant Kevin Liles from using the tasks, premises, and instrumentalities of his position of authority as its agent and employee to sexually abuse, assault and rape Plaintiff, including its facilities, locations, and equipment.

82.    The corporate defendants breached the foregoing duty to take reasonable steps to prevent defendant Kevin Liles from using the tasks, premises, and instrumentalities of his position of authority as its agent and employee to sexually abuse, assault and rape Plaintiff, including its facilities, locations, and equipment.

14

83.    The corporate defendants breached the foregoing duties by failing to exercise reasonable care in supervising defendant Kevin Liles when he was using its tasks, premises, and instrumentalities, including failing to investigate complaints and concerns about his behavior; failing to exercise reasonable care in training its other agents and employees to supervise defendant Kevin Liles, including recognizing signs that he was using his position to sexually abuse employees and volunteers; failing to exercise reasonable care in supervising Plaintiff while she was performing her job functions as an employee of the corporate defendants, and, failing to warn Plaintiff that defendant Kevin Liles may pose a danger to Plaintiff in that he might use his position to sexually abuse, assault and rape her.

84.    The corporate defendants knew, or were negligent in not knowing, that Kevin Liles posed a threat of sexual abuse and sexual assault to their employees, including Plaintiff.

85.    The corporate defendants failed to take appropriate measures to evaluate Kevin Liles' employment and fitness at the time he was allowed to work at and thereafter remain in the employ of the corporate defendants.

86.    Kevin Liles' conduct was undertaken and/or enabled during the course and/or within the scope of his employment, appointment, assignment, and/or agency with the corporate defendants.

87.     At all relevant times, the corporate defendants failed to have appropriate procedures in place for employees or faculty to report sexual harassment and sexual assault.

88.    The corporate defendants also failed to adequately supervise Kevin Liles and permitted him to entrap their employees in locations that enabled his sexual abuse, assault and rape of their employees, including Plaintiff.

89.    As a direct and proximate result of the corporate defendants' acts and omissions, Plaintiff sustained and will continue to sustain damages.

15

90.     As a direct result of the foregoing, Plaintiff was injured solely and wholly as a result of the negligence, gross negligence, carelessness, and recklessness of the corporate defendants and/or their agents, servants, employees, without any negligence on the part of the Plaintiff contributing thereto.

91.     By reason of the foregoing, the corporate defendants are liable to Plaintiff for compensatory damages and punitive damages, together with interests and costs.

**C.     SECOND CAUSE OF ACTION: AS AGAINST KEVIN LILES - ASSAULT**

92.     Plaintiff repeats and re-alleges the above allegations.

93.     In committing and threatening to commit the sexual abuse, assault and rape described herein, defendant Kevin Liles had the real and apparent ability to cause imminent harmful or offensive bodily contact to Plaintiff and intentionally did a menacing act which threatened such contact to Plaintiff, when she was his subordinate.

94.     The sexual abuse, assault and rape, and threatened sexual abuse, assault and rape, by defendant Kevin Liles caused apprehension of such contact in Plaintiff.

95.     The alleged conduct constituted assault.

96.     As a direct and proximate result of that intentional harmful or offensive conduct, Plaintiff suffered general and special damages.

**D.     THIRD CAUSE OF ACTION: AS AGAINST KEVIN LILES – BATTERY**

97.     Plaintiff repeats and re-alleges the above allegations.

98.     In committing the sexual abuse, assault and rape described herein, defendant Kevin Liles, touched Plaintiff without Plaintiff's consent and with the intention of causing harmful or offensive bodily contact to Plaintiff.

99.     The alleged conduct constituted battery.

100.    As a direct and proximate result of that intentional harmful or offensive contact, Plaintiff suffered general and special damages.

### E.    FOURTH CAUSE OF ACTION: AS AGAINST ALL DEFENDANTS – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

101.    Plaintiff repeats and re-alleges the above allegations

102.    Defendant Kevin Liles engaged in reckless, extreme, and outrageous conduct by sexually abusing, assaulting and raping Plaintiff while he was her supervisor and/or in a position of seniority/authority over her.

103.    Defendant Kevin Liles's misconduct was so shocking and outrageous that it exceeds the reasonable bounds of decency as measured by what the average member of the community would tolerate and demonstrates an utter disregard by defendant Kevin Liles of the consequences that would follow.

104.    Defendant Kevin Liles knew that this reckless, extreme, and outrageous conduct would inflict severe emotional and psychological distress, including personal physical injury, on Plaintiff, and Plaintiff did in fact suffer severe emotional and psychological distress and personal physical injury as a result, including severe mental anguish, humiliation, and emotional and physical distress.

105.    The corporate defendants engaged in reckless, extreme, and outrageous conduct by providing Kevin Liles with access to its employees including Plaintiff, despite knowing that he would likely use his position to sexually abuse, assault and rape employees, including Plaintiff. The corporate defendants' misconduct was so shocking and outrageous that it exceeds the reasonable bounds of decency as measured by what the average member of the community would tolerate and demonstrates an utter disregard of the consequences that would follow.

17

106. The corporate defendants knew that this reckless, extreme, and outrageous conduct would inflict severe emotional and psychological distress, including personal physical injury, on Plaintiff, and Plaintiff did in fact suffer severe emotional and psychological distress and personal physical injury as a result, including severe mental anguish, humiliation, and emotional and physical distress.

## V.    NO APPORTIONMENT OF LIABILITY

107. Pursuant to CPLR 1603, the foregoing causes of action are exempt from the operation of CPLR 1601 by reason of one or more of the exemptions provided in CPLR 1602, including but not limited to, CPLR 1602(2), CPLR 1602(5), 1602(7) and 1602(11), thus precluding defendants from limiting their liability by apportioning some portion of liability to any joint tortfeasor.

## VI.    JURY DEMAND

108. Plaintiff PCVA Jane Doe hereby demands a trial by jury.

## VII.    PRAYER FOR RELIEF

109. WHEREFORE, Plaintiff PCVA Jane Doe demands judgment against defendants named in her causes of action, together with compensatory and punitive damages to be determined at trial, and the interest, cost and disbursements pursuant to her causes of action, and such other and further relief as the Court deems just and proper.

110. Plaintiff PCVA Jane Doe specifically reserves the right to pursue additional causes of action, other than those outlined above, that are supported by the facts pleaded or that may be supported by other facts learned in discovery.


Dated: New York, New York

February 23, 2025

PFAU COCHRAN VERTETIS AMALA PLLC

By: _Lucas B. Franken_____

Lucas B. Franken
lfranken@pcvalaw.com
Mallory C. Allen
mallen@pcvalaw.com
31 Hudson Yards, 11th Floor
New York, NY 10001-2170

19

Case 1:25-cv-02745-NRB   Document 1-1   Filed 04/02/25   Page 23 of 88

## ATTORNEY'S VERIFICATION

LUCAS B. FRANKEN, ESQ., an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms the following statements to be true under the penalties of perjury, pursuant to Rule 2106 of the CPLR:

Your affirmant is a partner at the law firm of PFAU COCHRAN VERTETIS AMALA PLLC, attorneys for Plaintiff in the within action;

Affirmant has read the foregoing Summons & Complaint and knows the contents thereof; that the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters he believes it to be true.

Affirmant further states that the source of his information and the grounds for his belief are derived from interviews with Plaintiff and from the case file maintained in the normal course of business.

Affirmant further states that the reason this verification is not made by Plaintiff is that Plaintiff is not presently within, nor does she reside in the County of New York, which is the county wherein the attorneys for Plaintiff herein maintain their offices.


Dated: New York, New York
       February 23, 2025

PFAU COCHRAN VERTETIS AMALA PLLC

*Lucas B. Franken*

Lucas B. Franken

At IAS Part _____ of the
Supreme Court of the State of
New York, County of New York,
held at the Courthouse located at
60 Centre Street, New York, NY
10007, on February____, 2025

PRESENT: Hon. _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
―――――――――――――――――――――――――――

PCVA JANE DOE,                                    Index No.: _____

                              Plaintiff,

                                                 **PLAINTIFF PCVA JANE**
-against-                                         **DOE'S ORDER TO SHOW**
                                                 **CAUSE TO PROCEED VIA**
UNIVERSAL MUSIC GROUP, INC., UMG                 **PSEUDONYM**
RECORDINGS, INC., UNIVERSAL MUSIC CORP.,         **(REQUEST TO SO ORDER)**
DEF JAM MUSIC, INC., DEF JAM RECORDS, INC,
and KEVIN WESLEY LILES,

                              Defendants.
―――――――――――――――――――――――――――

### ORDER TO SHOW CAUSE

        Upon reading the Summons and Complaint in this action, the annexed Affirmation of

Lucas B. Franken in Support of Plaintiff PCVA JANE DOE's Order to Show Cause to Proceed

Via Pseudonym, and the Memorandum of Law in Support of PCVA JANE DOE's Order to Show

Cause to Proceed Via Pseudonym,

        Let the Defendants SHOW CAUSE at an IAS Part _____, Room ____, of this Court, to

be held at the Courthouse located at 60 Centre Street, New York, NY, on the ____day of _____

2025, at _____ am/pm, or as soon thereafter as counsel can be heard, why an Order should

not issue:

1

(1)     Permitting Plaintiff PCVA JANE DOE to proceed in this case anonymously by using a pseudonym in Plaintiff PCVA JANE DOE's publicly filed documents pursuant to Civil Rights Law 50-b and other supporting authority and case law; and

(2)     Requiring that in any publicly filed court papers, the parties refer to Plaintiff PCVA JANE DOE by her pseudonym that she used in the Summons and Complaint and refrain from otherwise disclosing the identity of Plaintiff PCVA JANE DOE to anyone other than their attorneys, experts, consultants or insurance carriers, and allow disclosure to those specified persons so long as such persons provided with this information agree to maintain the confidentiality of the information; and

(3)     That the County Clerk maintain the caption of the above-entitled matter in the current minute books and indices of actions and proceedings maintained in the office under the following caption:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
_____

PCVA JANE DOE,

                            Plaintiff,

-against-

UNIVERSAL MUSIC GROUP, INC., UMG RECORDINGS,
INC., UNIVERSAL MUSIC CORP., DEF JAM MUSIC, INC.,
DEF JAM RECORDS, INC, and KEVIN WESLEY LILES

                            Defendants.
_____

(4)     Deeming Plaintiff PCVA JANE DOE's use of pseudonym and the caption "PCVA JANE DOE v. UNIVERSAL MUSIC GROUP, INC., UMG RECORDINGS, INC., UNIVERSAL

MUSIC CORP., DEF JAM MUSIC, INC., DEF JAM RECORDS, INC, AND KEVIN WESLEY

LILES" and the following caption to be proper:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PCVA JANE DOE,

Plaintiff,

-against-

UNIVERSAL MUSIC GROUP, INC., UMG RECORDINGS,
INC., UNIVERSAL MUSIC CORP., DEF JAM MUSIC, INC.,
DEF JAM RECORDS, INC, and KEVIN WESLEY LILES

Defendants.

(5)     Granting such other and further relief as may be just and proper; and it is

**ORDERED** that, pending a hearing on this motion BEFORE THE JUSTICE TO BE

ASSIGNED, the Clerk of this Court, upon payment of the proper fees, be and is hereby

directed to assign an index number to this proceeding, and to accept for filing a Request

for Judicial Intervention ("RJI"), bearing the following caption, namely:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PCVA JANE DOE,

Plaintiff,

-against-

UNIVERSAL MUSIC GROUP, INC., UMG RECORDINGS,
INC., UNIVERSAL MUSIC CORP., DEF JAM MUSIC, INC.,
DEF JAM RECORDS, INC, and KEVIN WESLEY LILES

Defendants.

and it is further

3

**ORDERED** that, personal service of this OSC together with the papers upon which it is based, and the Summons and Complaint shall be served on Defendants on or before _____, 2025; and

**ORDERED** that Defendants shall serve papers in opposition, if any, by NYSCEF on or before _____, 2025.

**ENTER:**

_____

Justice of the Supreme Court

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

PCVA JANE DOE,

                              Plaintiff,

-against-

UNIVERSAL MUSIC GROUP, INC., UMG
RECORDINGS, INC., UNIVERSAL MUSIC CORP.,
DEF JAM MUSIC, INC., DEF JAM RECORDS, INC,
and KEVIN WESLEY LILES,

                              Defendants.

---

Index No.: _____

**AFFIRMATION OF LUCAS B.
FRANKEN IN SUPPORT OF
PLAINTIFF PCVA JANE
DOE'S ORDER TO SHOW
CAUSE TO PROCEED VIA
PSEUDONYM**

Lucas B. Franken affirms under penalty of perjury as follows:

1.      I am a New York licensed attorney with Pfau Cochran Vertetis Amala PLLC who represents Plaintiff **PCVA JANE DOE** in this action.

2.      I submit this Affirmation in support of Plaintiff **PCVA JANE DOE**'s Order to Show Cause to Proceed via Pseudonym pursuant to Civil Rights Law 50-b and other supporting authority and case law. Plaintiff **PCVA JANE DOE** respectfully requests that she be permitted to proceed anonymously using the pseudonym identified in the above-captioned matter and in all publicly filed documents, as well as to enjoin Defendants and their agents from disclosing **PCVA JANE DOE**'s true identity to anyone other than their attorneys.

3.      Plaintiff **PCVA JANE DOE** requests permission to proceed anonymously because she was sexually abused and assaulted by Defendant, Kevin Wesley Liles ("Kevin Liles"), an employee, agent, and/or servant, of defendants, **UNIVERSAL MUSIC GROUP, INC., UMG RECORDINGS, INC., UNIVERSAL MUSIC CORP., DEF JAM MUSIC, INC., DEF JAM RECORDS, INC.,** (collectively, "the corporate defendants"). At the time of the abuse, **PCVA JANE DOE** was an employee of the corporate defendants and Kevin Liles was her supervisor. This case

arises from that sexual abuse.

4.     The New York state legislature has recognized the highly personal and sensitive nature of cases alleging sexual abuse, like this one, and for that reason enacted Civil Rights Law 50-b, which presumptively gives plaintiffs in such cases the right to proceed anonymously. Moreover, PCVA JANE DOE's public identification as a victim of sex abuse will likely exacerbate the emotional and psychological harm she has already suffered. Because Court documents identifying PCVA JANE DOE will be available to anyone who can access the Court's e-filing website, the exposure and identification of her as a victim of sexual abuse will be widespread and extend beyond her death, into eternity.

5.     PCVA JANE DOE has sought to keep the sexual abuse by Kevin Liles confidential, and has not publicly disclosed the abuse.  PCVA JANE DOE fears that disclosure of her identity will cause her to suffer further emotional trauma and expose her to public embarrassment and ridicule, particularly given the fact that Kevin Liles is a well-known celebrity in the music industry and the corporate defendants are internationally recognized producers and distributors of music and entertainment.

6.     Plaintiff PCVA JANE DOE does not object to disclosing her full identity to Defendants' counsel and to the Court. Defendants will suffer no prejudice because they will be given the true identity of Plaintiff PCVA JANE DOE.

7.     Attached as **Exhibit 1** is a true and accurate copy of *Impact of Sexual Violence*, National Sexual Violence Resource Center, 2010, https://www.nsvrc.org/sites/default/files/NSVRC_Publicication_Factsheet_Impact-of-sexual-violence.pdf (Last visited Jan. 26, 2023).

8.      Attached as **Exhibit 2** is a true and accurate copy of Beverly Engel L.M.F.T., Why Don't Victims of Sexual Harassment Come Forward Sooner? Psychology Today, Nov. 16, 2017,https://www.psychologytoday.com/us/blog/the-compassion-chronicles/201711/why-dont-victims-sexual-harassment-come-forward-sooner.

9.      Plaintiff PCVA95 DOE has not made a prior request for the relief being sought herein.


Dated: February 21, 2025

PFAU COCHRAN VERTETIS AMALA PLLC

By: _____*Lucas B. Franken*_____

Lucas B. Franken

## WORD COUNT CERTIFICATION

I, Lucas B. Franken, an attorney admitted to practice law in the Court of the State of New York, certify under penalty of perjury that the foregoing Affirmation of Lucas B. Franken in Support of Plaintiff PCVA JANE DOE'S Order to Show Cause to Proceed via Pseudonym does not exceed the 7,000-word limit pursuant to Section 202.8-b of the Uniform Civil Rules for the Supreme Court and the County Court.

Dated: February 21, 2025

PFAU COCHRAN VERTETIS AMALA PLLC

By: *Lucas B. Franken*

Lucas B. Franken

Case 1:25-cv-02745-NRB    Document 1-1    Filed 04/02/25    Page 32 of 88

# EXHIBIT 1

# IMPACT OF SEXUAL VIOLENCE

**Fact Sheet**



Sexual violence occurs whenever a person is forced, coerced, and/or manipulated into any unwanted sexual activity, including when s/he is unable to consent due to age, illness, disability, or the influence of alcohol or other drugs.

Sexual violence includes rape, incest, child sexual assault, ritual abuse, non-stranger rape, statutory rape, marital or partner rape, sexual exploitation, sexual contact, sexual harassment, exposure, and voyeurism. It is a crime not typically motivated by sexual desire but by the desire to control, humiliate, and/or harm.

Sexual violence can violate a person's trust and feeling of safety. It can, and does, happen to people of all ages, races, genders, sexual orientations, religions, professions, incomes, and ethnicities. Sexual violence affects all of us: survivors, significant others, communities, and society.

## Impact on the survivor

Each survivor reacts to sexual violence in her/his own unique way. Personal style, culture, and context of the survivor's life may affect these reactions. Some express their emotions while others prefer to keep their feelings inside. Some may tell others right away what happened, others will wait weeks, months, or even years before discussing the assault, if they ever choose to do so. It is important to respect each person's choices and style of coping with this traumatic event.

Whether an assault was completed or attempted, and regardless of whether it happened recently or many years ago, it may impact daily funcitoning. A wide range of reactions can impact victims. Some common emotional, psychological and physical reactions follow.

### Emotional reactions
- Guilt, shame, self blame
- Embarrassment
- Fear, distrust
- Sadness
- Vulnerability
- Isolation
- Lack of control
- Anger
- Numbness
- Confusion
- Shock, disbelief
- Denial

### Psychological reactions
- Nightmares
- Flashbacks
- Depression
- Difficulty concentrating
- Post Traumatic Stress Disorder (PTSD)
- Anxiety
- Eating disorders
- Substance use or abuse
- Phobias
- Low self esteem

### Physical reactions
- Changes in eating or sleeping patterns
- Increased startle response
- Concerns about physical safety
- Physical injury
- Concerns about pregnancy or contracting an STI or HIV

*Some health outcomes can be fatal such as suicide, homicide, maternal mortality and AIDS related deaths.*

## Impact on significant others

Sexual violence can affect parents, friends, partners, children, spouses, and/or co-workers of the survivor.  As they try to make sense of what happened, significant others may experience similar reactions and feelings to those of the survivor. Fear, guilt, self-blame, and anger are but a few reactions they may experience.

In order to best support the survivor, it is important for those close to them to get support. Local social services providers offer free confidential services to women, men, and children who have been affected by sexual violence. This can include advocacy-based counseling in an individual, family or group setting; information and referral services; and 24-hour crisis intervention assistance.

## Impact on communities

Communities also feel the effects of sexual violence. Schools, workplaces, neighborhoods, campuses, and cultural or religious communities may feel fear, anger, or disbelief if a sexual assault happened in their community.  As with any form of violence, sexual violence tears at the fabric of community well-being. Additionally, there are financial costs to communities. These costs include medical services, criminal justice expenses, crisis and mental health services fees, and the lost contributions of individuals affected by sexual violence.

According to the U.S. Department of Justice (1996) the cost of crime to victims is an estimated $450 billion per year.  Rape is the most costly to its victims, totaling $127 billion annually.

## Impact on society

Sexual violence endangers critical societal structures through climates of violence and fear. According to the 1995 U.S. Merit Systems Protection Board, sexual harassment alone cost the federal government an estimated $327 million in losses associated with job turnover, sick leave, and individual and group productivity among federal employees.

Fifty percent of rape victims lost or were forced to quit their jobs in the year following their rapes due

to the severity of their reactions (Ellis, Atkeson & Calhoun, 1981). Scholars at Johns Hopkins University School of Public Health indicated that development of Post Traumatic Stress Disorder (PTSD) is likely in 50 to 95 percent of rape cases (1999). Lifetime income loss, due to sexual violence in adolescence, is estimated at $241,600 (MacMillan, 2000).

The contributions and achievements that may never come as a result of sexual violence is a cost to society that can't be measured.

## You can help

The healing process after sexual violence is often difficult and may take a long time, but with support, healing can occur.  Visit http://www.nsvrc.org to find out more about how you can help support survivors, or to learn more about preventing sexual violence in your community.

The NSVRC website also provides a listing of sexual assault programs and other resources.  In an immediate crisis, callers can connect to the closest participating center by dialing RAINN's national routing number: 1-800-656-4673.

## References

Ellis, E.M., Atkeson, B.M., & Calhoun, K.S. (1981). An assessment of long-term reaction to rape, Journal of Abnormal Psychology, 90:3, 263-266.

Erdreich, B.L., Slavet, B.S., & Amador, A.C. (1995). Sexual harassment in the federal workplace: Trends, progress, continuing challenges. Washington, D.C.: U.S. Merit Systems Protection Board.

MacMillan, R. (2000). Adolescent victimization and income deficits in adulthood: Rethinking the costs of criminal violence from a life-course perspective. Criminology, 38, 553-577.

Miller, T.R., Cohen, M.A., & Wiersema, B. (1996). Victim costs and consequences: A new look. Washington, D.C.: National Institute of Justice

Population Information Program. (1999). Population reports: Ending violence against women. Baltimore, MD: The Johns Hopkins University School of Public Health.

This project was supported by Cooperative Agreement #1VF1CEO01751-01 from the Centers for Disease Control and Prevention.
© 2010 National Sexual Violence Resource Center. All rights reserved.

Case 1:25-cv-02745-NRB    Document 1-1    Filed 04/02/25    Page 35 of 88

# EXHIBIT 2

# Why Don't Victims of Sexual Harassment Come Forward Sooner?

**PT** **psychologytoday.com**/us/blog/the-compassion-chronicles/201711/why-dont-victims-of-sexual-harassment-come-forward-sooner

## Key points

- The Equal Employment Opportunity Commission reports receiving 12,000 allegations of sex-based harassment each year, with 83% being women.
- One of the primary reasons women don't come forward to report sexual harassment or assault is shame.
- Some victims of sexual harassment either don't report, or delay reporting, because they fear retaliation.



Source: AntonioGuillem/Shutterstock

People seem to ask this question every time a high-profile sexual harassment or assault case is reported. Cases like the recent article from Washington Post detailing allegations against Roy Moore, Alabama's Republican candidate for Senate, seems to have offered fresh opportunities to perpetuate victim blaming. It is amazing how many people shift the blame onto alleged victims, asking why they waited until now.

The Equal Employment Opportunity Commission reports receiving 12,000 allegations of sex-based harassment each year, with women accounting for about 83 percent of the complainants. That figure is believed to be just the tip of the iceberg. In a study issued last year, the co-chairwomen of a commission task force said that roughly three to four people experiencing such harassment never tell anyone in authority about it. Instead, they said women typically "avoid the harasser, deny or downplay the gravity of the situation, or attempt to ignore, forget, or endure the behavior."

It is indeed very common for victims to delay disclosing their trauma, if they ever do. But since even highly educated people are continually baffled by why women don't come forward, I offer some information based on the psychology of abuse and my forty-year experience working with victims of sexual abuse, <u>sexual assault</u>, and sexual harassment to help answer this question.

Let's begin by making sure we are all on the same page. Sexual harassment and behaviors that fall under this category include: inappropriate touching; invasion of privacy; sexual jokes; lewd or obscene comments or gestures; exposing body parts; showing graphic images; unwelcome sexual emails, text messages, or phone calls; sexual bribery, coercion, and overt requests for sex; sexual favoritism; being offered a benefit for a sexual favor; being denied a promotion or pay raise because you didn't cooperate. And of course, some women experience what more aptly could be described as sexual assault: being forced to perform oral sex on a man in a position of power, a man in power forcing himself on the woman either orally, vaginally, or anally, being drugged and rendered <u>unconscious</u> or incapable of defending oneself.

Below I have listed the most significant reasons why women do not come forward more often or delay in coming forward. While I recognize that men are also sexually harassed and assaulted, due to limited space, I am going to limit this article to a discussion about female victims of sexual harassment and assault. Male victims do, however, suffer from many of the same after-effects and have many of the same reasons for not coming forward.

**Shame**

One of the primary reasons women don't come forward to report sexual harassment or assault is shame. Shame is at the core of the intense emotional wounding women and men experience when they are sexually violated. As expert on shame Gershen Kaufman aptly stated in his book *Shame: The Power of Caring,* "Shame is a natural reaction to being violated or abused. In fact, abuse, by its very nature, is humiliating and dehumanizing." This is especially true with sexual violations. The victim feels invaded and defiled, while simultaneously experiencing the indignity of being helpless and at the mercy of another person.

This sense of shame often causes victims to blame themselves for the sexual misconduct of their perpetrator. Case in point, Lee Corfman, the woman who reported to a Washington Post reporter that she was molested by Roy Moore when she was 14, said, "I felt responsible. I thought I was bad." Time after time, clients who experienced sexual harassment at work or at school have told me things like: "I assumed it was my fault. I'm a very friendly person, and I always smiled and said hello to my boss. I think he must have thought I was <u>flirting</u> with him." Another client, a student who was sexually assaulted by one of her college professors told me, "I liked all the <u>attention</u> I was getting from him. We'd sit for hours in his office talking, and I was learning a lot from him. I guess I was sending him the wrong message."

Understanding more about the emotion of shame can help explain why women blame themselves when they are violated, and why more women do not report sexual assault or harassment. Shame is a feeling deep within us of being exposed and unworthy. When we feel ashamed, we want to hide. We hang our heads, stoop our shoulders, and curve inward as if trying to make ourselves invisible. Most people who have been deeply shamed take on the underlying and pervasive belief that they are defective or unacceptable. They feel unworthy, unlovable, or "bad." Shame can also cause us to feel isolated — set apart from the crowd. In fact, in primitive cultures, people were banished from the tribe when they broke society's rules. Being shamed feels like being banished — unworthy to be around others.

Sexual harassment and assault can be a humiliating experience to recount privately, let alone publicly. Victims of sexual harassment and sexual assault in adulthood or sexual abuse in underlined childhood tend to feel shame, because as human beings, we want to believe that we have control over what happens to us. When that personal power is challenged by a victimization of any kind, we feel humiliated. We believe we should have been able to defend ourselves. And because we weren't able to do so, we feel helpless and powerless. This powerlessness causes humiliation — which leads to shame.

It is often easier to blame oneself than to admit that you were rendered helpless or victimized by another person. As humans, we want to believe that we are in control of our own lives. When something that occurs reminds us that, in fact, we are not always in control, it is very upsetting. So upsetting that we would prefer to blame ourselves for our victimization.

Women, in particular, feel shame, because they are often blamed for being sexually assaulted. Even today, women are accused of causing their own victimization with comments like, "What did she expect when she dresses like she does?" and "She shouldn't have had so much to drink."

And women are used to being shamed and feeling shame. Women feel shame when they are heckled by men on the street. They feel shame when men make fun of their body or make disparaging remarks about the size of their breasts or behinds. They feel shame when their entire being is reduced to how attractive or unattractive a man finds them.

This sense of shame has a cumulative effect. Depending on how much a woman has already been shamed by previous abuse or by bullying, she may choose to try to forget the entire incident, to put her head in the sand and try to pretend it never happened.

## Denial, Minimization

This tendency to blame themselves and to be overwhelmed with shame leads to the next important reason why women don't come forward: denial and minimization. Many women refuse to believe that the treatment they endured was actually abusive. They downplay how much they have been harmed by sexual harassment and even sexual assault. They convince themselves that "it wasn't a big deal." As one client told me, "I know a lot of women

who were brutally raped, and I have friends who were sexually abused in childhood. Being sexually harassed by my boss was nothing compared to what these women went through. I told myself to just move on and forget the whole thing."

Unfortunately, this same client had come to see me because she was suffering from depression. She couldn't sleep at night, she had no appetite, she had lost her motivation, and she had isolated herself from friends and family. When we traced these symptoms back, we discovered that they all began after the sexual harassment incident. Depression is one of the major after-effects of sexual harassment or assault. Victims may experience self-doubt, which can lead to self-blame, and the hopelessness of the situation can also lead to depression.

Other women are good at making excuses for their abusers. I have often heard victims of sexual harassment say things like "I felt sorry for him," "I figured he wasn't getting enough sex at home,'' or even "I knew he couldn't help himself."

And finally, women convince themselves that they are the only victim of a sexual harasser or abuser. It is often only after other women step forward to say that they were abused by a perpetrator that a victim may realize that they are dealing with a serial abuser or pedophile. For example, Beverly Young Nelson recently went on TV to tell her story of how Roy Moore sexually attacked her when she was 16 and said, "I thought I was Roy Moore's only victim.''

**Fear of the Consequences**

Fear of the repercussions is a huge obstacle women face when it comes to reporting sexual harassment or assault — fear of losing their job, fear they won't find another job, fear they will be passed over for a promotion, fear of losing their credibility, fear of being branded a troublemaker, fear of being blackballed in their industry, fear of their physical safety. This is true whether it is a case of a young woman in her first job being harassed, an actress trying to make her way in the entertainment business, or a career woman desperately trying to break through the glass ceiling.

Many don't disclose, because they fear they won't be believed, and until very recently, that has primarily been the case. The fact that sexual misconduct is the most under-reported crime is due to a common belief that women make up these stories for attention or to get back at a man who rejected them. Victims' accounts are often scrutinized to the point of exhaustion. In high-profile cases, victims are often labeled opportunists, blamed for their own victimization, and punished for coming forward.

Another reason why victims don't report or delay reporting is that they fear retaliation, and we have evidence from recent events to validate that fear. Sexual harassers frequently threaten the lives, jobs, and careers of their victims. And many victims are frightened by the perpetrator's position of power and what he could do with it. Those who have reported sexual harassment or assault, especially by powerful men, have reported that they lost their jobs,

and that their careers or reputations have been destroyed. In the case of Harvey Weinstein, the New Yorker reported that he enlisted private security agencies staffed with "highly experienced and trained in Israel's elite military and government <u>intelligence</u> units" to collect information on women and journalists who tried to expose sexual harassment allegations against him. This fear of retaliation does not only apply to high-profile cases; people who wield their power to prey on other people are often quite adept at holding onto that power by any means necessary. Sexual harassment cuts across all industries — Hollywood, <u>politics</u>, media, tech, and service industries, like food services.

**Low <u>Self-Esteem</u>**

Some victims have such low self-esteem that they don't consider what happened to them to be very serious. They don't value or respect their own bodies or their own integrity, so if someone violates them, they downplay it. As one client who had been sexually violated by a boss when she was in her early twenties shared with me: "Guys were always coming on to me and trying to grab me back then. When my boss did it, I figured, 'Why not let him do what he wants, no big deal.'" But my client had not anticipated what the short-term and long-term consequences of "giving herself away" might be. "When I look back, I can recognize that my boss violating me was a real turning point in my life. After that, I started acting out. I had never taken drugs before, but when someone offered me some cocaine, I thought, 'Why not?' When guys wanted to party, including having group sex, I figured, 'What have I got to lose?' I just stopped caring about myself."

Sexual violations wound a woman's self-esteem, <u>self-concept</u>, and sense of self. The more a girl or woman puts up with, the more her self-image becomes distorted. Little by little, acts of disrespect, objectification, and shaming whittle away at her self-esteem until she has little regard for herself and her feelings. There is a huge price to pay for "going along" with sexual exploitation. A woman doesn't just give away her body; she gives away her integrity.

In the last several years there has been a focus on raising the self-esteem of girls and young women. We want our young women to feel proud and strong, to walk with their heads held high. We try to instill <u>confidence</u> in them and tell them they can do whatever they set their minds to do. We send them off to college with the feeling that they are safe, that they can protect themselves, and that we will protect them. But this is a lie. They are not safe, they don't know how to protect themselves, and we don't protect them.

By far the most damaging thing to affect the self-esteem of young girls and women is the way they are mistreated in our culture. Beginning in early childhood, the average girl experiences unwanted sexual remarks and sexual behavior from boys and men. Remarks about her body and her <u>sexuality</u> come from boys at school and from men on the streets. Young girls today continually complain that they are bullied in school — not in the way we

think of boys bullying other boys — but by boys making remarks about their genitals, their behinds, and as they get older, about their breasts. In today's schools, there is a common practice of boys running by girls and grabbing their behinds or breasts and running away.

Even the most confident girl cannot sustain her sense of confidence if she is sexually violated. She feels so much shame that it is difficult to hold her head up high. She finds it difficult to have the motivation to continue on her path, whether it be college or a career.

### Feelings of Hopelessness and Helplessness

Research has shown us that victims who cannot see a way out of an abusive situation soon develop a sense of hopelessness and helplessness, and this in turn contributes to them giving up and not trying to escape or seek help. Specifically, learned helplessness is a condition in which a person suffers from a sense of powerlessness, arising from a traumatic event or persistent failure to succeed and considered to be one of the underlying causes of depression. A concept originally developed by the research of psychologist Martin Seligman and Steven D. Meier, learned helplessness is a phenomenon that says when people feel like they have no control over what happens, they tend to simply give up and accept their fate.

Women feel it is useless to come forward, because they have seen the way others have been treated. They feel it is hopeless, because they won't be believed, and their reputations will be tainted, if not ruined. Women who have already been sexually assaulted or harassed feel especially helpless, since the chances are extremely high that they did not receive the justice they so desperately needed. These fears can cause women to think there is nowhere to turn, to feel trapped and even hopeless.

Most women feel they are on their own when it comes to protecting themselves from sexual harassment. While they may take precautions to protect themselves, overall, they still feel helpless about changing the situation. Many women have learned the hard way that going to the HR in their company is useless, since HR departments are notorious for protecting the company at all costs.

As mentioned above, many women are overwhelmed with self-blame and debilitating shame due to sexual harassment. This self-blame and debilitating shame robs them of their power, their sense of efficacy and agency, and their belief that they can change their circumstances.

Some women don't have the emotional strength to stand up to intense manipulation, to sexual pressure, or to threats of rejection. While they may take precautions against being sexually assaulted, from avoiding walking alone at night, to avoiding eye contact, to carrying pepper spray in their handbags, measures such as these don't take away their overarching fear, brought on by witnessing and experiencing the consistent objectification of women, as well as evidence of the rape culture which currently permeates our country. In a recent study, researchers found that the treatment of women as sex objects has shown to contribute to women's fear of sexual assault. According to Dr. Laurel Watson, a psychology professor

Case 1:25-cv-02745-NRB   Document 1-1   Filed 04/02/25   Page 42 of 88

specializing in trauma at the University of Missouri-Kansas City, "Our research supports previous findings that the rampant sexual objectification of women, what some consider an act of sexual terrorism, can heighten women's fear of incurring physical and sexual harm."

**A History of Being Sexually Violated**

Closely related to the above, women who have already been traumatized by child sexual abuse or by sexual assault as an adult are far less likely to speak out about sexual harassment at work or at school. Research shows that survivors of previous abuse and assault are at a higher risk of being sexually assaulted again. For example, research shows that 38 percent of college-aged women who have been sexually violated had first been victimized prior to college.

Those who experienced previous abuse will likely respond to overtures of sexual harassment much differently than women who have not been abused. As one client shared with me, "Time after time I just freeze when a guy makes a sexual advance, hoping it will stop him or he will walk away." This "freezing reaction" is a common one for those who were sexually abused in childhood. And as was mentioned above, those who have previously been victimized are more likely to keep quiet about the abuse, since they may have already had the experience of not being believed and not receiving justice.

**Lack of Information**

Recent statistics show that 70 percent of women suffer sexual harassment on the job. In fact, the stats for sexual harassment are the same as those for sexual assault: one in every four women nationwide have been sexually harassed at work. And yet many women, even highly educated ones, are uneducated about exactly what constitutes sexual harassment, don't recognize sexual harassment as a real threat, don't understand how sexual harassment or assault affected them, nor do they understand the real world consequences of not reaching out for help or not reporting it. For example, the emotional effects of this type of harassment can have devastating psychiatric effects, including:

- Anxiety
- Loss of self-esteem
- PTSD — Studies have found a link between victims of sexual harassment and PTSD, which causes the victim to re-live the harassment and avoid situations where it could happen again.
- Suicidal behavior — Studies suggest that sexual harassment can lead to suicidal behavior. Up to 15 of 1,000 females studied reported saying they made suicidal attempts after suffering from some sort of sexual harassment.

**Disbelief, Dissociated, or Drugged**

Finally, sometimes women don't report sexual harassment or assault, because at the time of the abuse they were drugged, inebriated, or dissociated. As was the case with the Bill Cosby accusers — it is not uncommon for women and girls to have been drugged by their abusers and, because of this, to have only vague memories. Others may have been so drunk before the assault that they doubt their memories, and as we know, some are so traumatized that they dissociated during the attack and have only vague memories. It usually takes one woman coming forward before a woman is able to trust her own memories of the experience. Unless other women come forward to make a complaint about someone, most will continue doubting themselves and assuming they will be doubted if they report.

It is understandable that women have a difficult time coming forward for a number of reasons. These women deserve our recognition about how difficult it is and our compassion for what they have been through. Women need to be encouraged to begin to push away their internalized shame with anger and to learn how to give the shame back to their abusers.

Instead of focusing so much energy on trying to figure out why victims don't report, it would be far more productive to ask, "Why do we allow men to continue to sexually harass and assault women?" Perhaps even more important, we need to stop asking why victims wait to report and instead focus on how we can better support victims in their quest for justice and healing.

If you have been sexually harassed or assaulted and need someone to talk to, please contact the following:

National Sex Assault Hotline: (800) 656-4673

Case 1:25-cv-02745-NRB    Document 1-1    Filed 04/02/25    Page 44 of 88

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

PCVA JANE DOE,

                           Plaintiff,

-against-

UNIVERSAL MUSIC GROUP, INC., UMG
RECORDINGS, INC., UNIVERSAL MUSIC CORP.,
DEF JAM MUSIC, INC., DEF JAM RECORDS, INC,
and KEVIN WESLEY LILES,

                          Defendants.

---

Index No.: _____

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF PCVA JANE DOE'S ORDER TO SHOW CAUSE TO PROCEED VIA PSEUDONYM**

## MEMORANDUM OF LAW

Plaintiff PCVA JANE DOE, through her undersigned attorneys, submits this memorandum of law in support of this motion, brought on by order to show cause, for an order that she be allowed to proceed anonymously – pursuant to Civil Right Law 50-b and other supporting authority and case law – by using a pseudonym in her publicly filed court papers and enjoining Defendants and their agents from publicly disclosing Plaintiff's identity.

## FACTS

Plaintiff PCVA JANE DOE requests permission to proceed anonymously because she was sexually abused and assaulted by Kevin Wesley Liles ("Kevin Liles"), an employee, agent, and/or servant, including, of defendants UNIVERSAL MUSIC GROUP, INC., UMG RECORDINGS, INC., UNIVERSAL MUSIC CORP., DEF JAM MUSIC, INC., DEF JAM RECORDS, INC, (collectively, "the corporate defendants"). Affirmation of Lucas B. Franken (Franken Aff.) at ¶ 3. At the time of the abuse, PCVA JANE DOE was an employee of the corporate defendants working at their premises Kevin Liles was her supervisor. *Id.* This case arises from that sexual abuse. *Id.*

1

INDEX NO. 152566/2025
RECEIVED NYSCEF: 02/26/2025
Case 1:25-cv-02745-NRB    Document 1-1    Filed 04/02/25    Page 45 of 88

1.    PCVA JANE DOE has sought to keep the sexual abuse by Kevin Liles confidential, and has not publicly disclosed the abuse. Franken Aff. at ¶¶ 4-5. PCVA JANE DOE fears that disclosure of her identity will cause her to suffer further emotional trauma and expose her to public embarrassment and ridicule, particularly given the fact that Kevin Liles is a well-known celebrity in the music industry and the corporate defendants are internationally recognized producers and distributors of music and entertainment. *Id.*

Plaintiff PCVA JANE DOE does not object to disclosing her full identity to Defendants' counsel and to the Court.  Franken Aff. at ¶ 6.

## ARGUMENT

For many years, sexual abuse experts and survivors have assiduously sought to revise restrictive state statutes of limitations applicable to sexual abuse, such as those in New York, and to open statutory windows to revive lapsed civil claims. This is because modern psychological research increasingly recognizes that survivors of sexual abuse suffer severe psychological injuries and that they are often unable to recognize their injuries for months, years, and often decades. (*See Franken Aff. Exhibit 1*, *Impact of Sexual Violence*, National Sexual Violence Resource Center, 2010, https://www.nsvrc.org/sites/default/files/NSVRC_Publicication_Factsheet_Impact-of-sexual-violence.pdf (Last visited Jan. 26, 2023). Survivors not only suffer guilt, shame, and embarrassment as a result of the abuse, but have historically been subject to social stigma. These are some of the factors that have caused survivors of sexual abuse to not come forward with their allegations and necessitated the passage of laws such as the Child Victims Act, Adult Survivors Act and Victims of Gender-Motivated Violence Protections Law ("VGM").

The state legislature has recognized that where a case involves sexual abuse, the plaintiff ought to be allowed to proceed anonymously to prevent further trauma and emotional distress, which public disclosure of such personal, private, and intimate facts can cause additional trauma.

Case 1:25-cv-02745-NRB     Document 1-1     Filed 04/02/25     Page 46 of 88

Accordingly, it has enacted Civil Rights Law 50-b, which provides:

> The identity of any victim of a sex offense, as defined in article one hundred thirty or section 255.25, 255.26 or 255.27 of the penal law, or of an offense involving the alleged transmission of the human immunodeficiency virus, shall be confidential. No report, paper, picture, photograph, court file or other documents, in the custody or possession of any public officer or employee, which identifies such a victim shall be made available for public inspection. No such public officer or employee shall disclose any portion of any police report, court file, or other document, which tends to identify such a victim except as provided in subdivision two of this section.

The sexually predatory acts of the perpetrator in this case, Kevin Liles, qualify as one or more predicate sexual offenses triggering 50-b's protection. *See e.g.*, rape (PL 130.35(1)) and forcible touching (PL 130.52).

The use of "shall" in Section 50-b appears to make the protection of confidentiality mandatory. Courts have afforded victims of sexual offenses protections, codified for survivors of sex offenses under CRL §50-b. (*See, e.g., ARK61 Doe v. Archdiocese of New York*, 2019 N.Y. Slip Op. 33351[U], 2-3 [N.Y. Sup. Ct., New York County 2019]).

Although courts have held that there is a constitutionally embedded presumption of openness in judicial proceedings that can affect a plaintiff's privacy interest, those constitutional principles are not offended merely by a plaintiff proceeding anonymously. A summons and complaint, irrespective of whether it is filed under the VGM or not, must put the defendant(s) on notice and "apprise an adverse party of the pleader's *claim*" which "does not necessarily apply to a pleader's name." *Id*. (emphasis in original). Accordingly, allowing Plaintiff PCVA JANE DOE to proceed anonymously does not offend these constitutional principles and it does not mean that PCVA JANE DOE'S complaint is insufficient or that the defendants are unable to adequately prepare a defense.

In fact, "[t]he determination of whether to allow a plaintiff to proceed anonymously requires the court to use its discretion in balancing plaintiff's privacy interest against the

3

presumption in favor of open trials and against any prejudice to defendant." *Id*. at 2 citing *Anonymous v. Lerner*, 124 AD3d 487, 487 [1st Dept 2015] [internal quotation marks and citations omitted]. While the general openness of the judicial process by public observation helps ensure that the proceedings are conducted honestly and fairly, the right of the public, and the press, to access judicial proceedings is not absolute or unfettered, and involves judicial discretion. *Id*. at 2 citing *Danco Labs. v. Chemical Works of Gedeon Richter*, 274 AD2d 1, 7 [1st Dept 2000]; *see also Lerner*, 124 AD3d at 487, *supra*.

There are several factors courts must weigh when considering the use of a pseudonym. For example, factors courts consider in exercising their discretion in considering anonymity requests include:

> [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; …whether the action is against a government or private party; and…the risk of unfairness to the opposing [party] from allowing an action against it to proceed anonymously.

*Doe v. Kidd*, 19 Misc. 3d 782, 788-789 (N.Y. Cty S. Ct. 2008) (citations and quotations omitted); *see also Doe v Szul Jewelry, Inc.*, 2008 N.Y. Slip Op. 31394[U] [N.Y. Sup. Ct., New York County 2008].

In *Doe v. Szul Jewelry, Inc.*, the plaintiff was a woman whose image was displayed on a sexually explicit tape that the defendant had circulated commercially, allegedly without her permission. Although the complaint did not allege that defendant had committed any of the predicate acts set forth in Civil Right Law 50-b, the court granted the request for proceeding anonymously because of the sexually explicit nature of the tape and because the plaintiff had kept her identity confidential throughout and complained of harassment, ridicule, and embarrassment.

Case 1:25-cv-02745-NRB    Document 1-1    Filed 04/02/25    Page 48 of 88

The court also noted that the matter was brought against a private company, not a governmental entity, noting that the argument for disclosure is greater where a public entity is involved.

Here, Plaintiff PCVA JANE DOE'S case involves sexual abuse by her supervisor during her employment with the corporate defendants- all of which are internationally known in the music and entertainment industry, which carries significant risk of social stigmatization from disclosure. The potential public disclosure, embarrassment, and stigmatization of PCVA JANE DOE goes beyond mere annoyance and criticism. PCVA JANE DOE instead seeks to preserve her privacy in this deeply personal matter involving not only sexual abuse, but sexual abuse she experienced at the hands of a celebrity while she was working at an internationally known record label.

The privacy interest for many survivors of sexual abuse is substantial. As research over the years has demonstrated, victims of sexual abuse experience severe emotional distress, anxiety, depression, humiliation, PTSD, and turmoil. Most survivors take years to come forward and reveal their abuse—that is, if they come forward at all. Disclosing the identity of a survivor who has disclosed deeply personal sexual trauma can have real and devastating consequences. They can experience tangible fears such as fear of retaliation at work or by friends and relatives, fear of losing their credibility, or fear for their physical safety. (*See Franken Aff. Exhibit 2,* Beverly Engel L.M.F.T. Why Don't Victims of Sexual Harassment Come Forward Sooner?, PSYCHOLOGY TODAY, Nov. 16, 2017, https://www.psychologytoday.com/us/blog/the-compassion-chronicles/201711/why-dont-victims-sexual-harassment-come-forward-sooner).

Revealing the identity of a sexual abuse survivor to the public poses great risk to the well-being of survivors of sexual abuse. While some survivors have come forward publicly with their abuse, others have consciously chosen to shield their identity from public view despite the increasing support for survivors of sexual abuse in the era of the #MeToo Movement. The

conscious decision to preserve her identity from the public underscores Plaintiff's deliberate wish to remain anonymous and could very well have prevented PCVA JANE DOE from otherwise proceeding with her claims. The risk of revealing a survivor's identity to the public can have a chilling effect on similarly situated individuals who may have considered coming forward but were dissuaded to do so by fear of public disclosure.

Any interests of the public to know the identity of PCVA JANE DOE as a victim of sexual abuse is outweighed by the additional emotional and psychological harm PCVA JANE DOE will suffer by forcing her to disclose her identity to the public in court documents that are widely accessible online. Even beyond her death, there will be an easily accessible public record identifying PCVA JANE DOE as a victim of sexual abuse.

Finally, the risk of prejudice to the defendants in this matter is virtually non-existent. PCVA JANE DOE consents to sharing details about her identity with the defendants so that that the defendants' due process rights are not violated. The defendants will suffer no prejudice because they will know PCVA JANE DOE's identity, as well as additional information regarding PCVA JANE DOE's claims in accordance with applicable discovery rules and Court orders.

## CONCLUSION

For the foregoing reasons, the Court should enter an order permitting PCVA JANE DOE to proceed using a pseudonym and enjoining Defendants from disclosing her identity in publicly filed documents or otherwise to the public.

Dated: February 21, 2025

PFAU COCHRAN VERTETIS AMALA PLLC

By: _Lucas B. Franken_____

    Lucas B. Franken
    lfranken@pcvalaw.com
    31 Hudson Yards, 11th Floor
    New York, NY 10001-2170

    *Attorney for Plaintiff*

## WORD COUNT CERTIFICATION

I, Lucas B. Franken, an attorney admitted to practice law in the Court of the State of New York, certify under penalty of perjury that the foregoing Memorandum of Law in Support of Plaintiff PCVA JANE DOE's Order to Show Cause to Proceed via Pseudonym does not exceed the 7,000-word limit pursuant to Section 202.8-b of the Uniform Civil Rules for the Supreme Court and the County Court.

Dated: February 21, 2025

PFAU COCHRAN VERTETIS AMALA PLLC

By: *Lucas B. Franken*

Lucas B. Franken



# REQUEST FOR JUDICIAL INTERVENTION

UCS-840
(rev. 12/16/2024)

### Supreme COURT, COUNTY OF New York

Index No: _____   Date Index Issued: _____

| | **For Court Use Only:** |
|---|---|

**IAS Entry Date**

| **CAPTION** | Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet. |
|---|---|

PCVA JANE DOE

Plaintiff(s)/Petitioner(s)

**Judge Assigned**

-against-

UNIVERSAL MUSIC GROUP, INC., UMG RECORDINGS, INC., UNIVERSAL MUSIC CORP., DEF JAM MUSIC, INC., DEF JAM RECORDS, INC., KEVIN WESLEY LILES

**RJI Filed Date**

Defendant(s)/Respondent(s)

| **NATURE OF ACTION OR PROCEEDING:** | Check only one box and specify where indicated. |
|---|---|

**COMMERCIAL**
- ☐ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ☐ Contract
- ☐ Insurance (where insurance company is a party, except arbitration)
- ☐ UCC (includes sales and negotiable instruments)
- ☐ Other Commercial (specify): _____

*NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).*

**TORTS**
- ☐ Asbestos
- ☐ Environmental (specify): _____
- ☐ Medical, Dental or Podiatric Malpractice
- ☐ Motor Vehicle
- ☐ Products Liability (specify): _____
- ☐ Other Negligence (specify): _____
- ☐ Other Professional Malpractice (specify): _____
- ☒ Other Tort (specify): Gender-Motivated Violence Act (GMVA)

**MATRIMONIAL**
- ☐ Contested
  *NOTE: If there are children under the age of 18, complete and attach the MATRIMONIAL RJI Addendum (UCS-840M).*
  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).*

**REAL PROPERTY** Specify how many properties the application includes: _____
- ☐ Condemnation
- ☐ Mortgage Foreclosure (specify): ☐ Residential   ☐ Commercial
  Property Address: _____
  *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the FORECLOSURE RJI ADDENDUM (UCS-840F).*
- ☐ Partition
  *NOTE: Complete and attach the PARTITION RJI ADDENDUM (UCS-840P).*
- ☐ Tax Certiorari (specify): Section: _____ Block: _____ Lot: _____
- ☐ Tax Foreclosure
- ☐ Other Real Property (specify): _____

**OTHER MATTERS**
- ☐ Certificate of Incorporation/Dissolution   [see **NOTE** in **COMMERCIAL** section]
- ☐ Emergency Medical Treatment
- ☐ Habeas Corpus
- ☐ Local Court Appeal
- ☐ Mechanic's Lien
- ☐ Name Change/Sex Designation Change
- ☐ Pistol Permit Revocation Hearing
- ☐ Sale or Finance of Religious/Not-for-Profit Property
- ☐ Other (specify): _____

**SPECIAL PROCEEDINGS**
- ☐ Child-Parent Security Act (specify): ☐ Assisted Reproduction ☐ Surrogacy Agreement
- ☐ CPLR Article 75 - Arbitration   [see **NOTE** in **COMMERCIAL** section]
- ☐ CPLR Article 78 - Proceeding against a Body or Officer
- ☐ Election Law
- ☐ Extreme Risk Protection Order
- ☐ MHL Article 9.60 - Kendra's Law
- ☐ MHL Article 10 - Sex Offender Confinement (specify): ☐ Initial   ☐ Review
- ☐ MHL Article 81 (Guardianship)
- ☐ Other Mental Hygiene (specify): _____
- ☐ Other Special Proceeding (specify): _____

| **STATUS OF ACTION OR PROCEEDING** | Answer YES or NO for every question and enter additional information where indicated. |
|---|---|

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ☒ | ☐ | If yes, date filed: 02/26/2025 |
| Has a summons and complaint or summons with notice been served? | ☐ | ☒ | If yes, date served: _____ |
| Is this action/proceeding being filed post-judgment? | ☐ | ☒ | If yes, judgment date: _____ |

| **NATURE OF JUDICIAL INTERVENTION** | Check one box only and enter additional information where indicated. |
|---|---|

- ☐ Infant's Compromise
- ☐ Extreme Risk Protection Order Application
- ☐ Note of Issue/Certificate of Readiness
- ☐ Notice of Medical, Dental or Podiatric Malpractice   Date Issue Joined: _____
- ☐ Notice of Motion   Relief Requested: _____   Return Date: _____
- ☐ Notice of Petition   Relief Requested: _____   Return Date: _____
- ☒ Order to Show Cause   Relief Requested: Miscellaneous   Return Date: _____
- ☐ Other Ex Parte Application   Relief Requested: _____
- ☐ Partition Settlement Conference
- ☐ Request for Preliminary Conference
- ☐ Residential Mortgage Foreclosure Settlement Conference
- ☐ Waiver of Court Costs, Fees and Expenses
- ☐ Writ of Habeas Corpus
- ☐ Other (specify): _____

| RELATED CASES | List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**. | | | |
|---|---|---|---|---|
| **Case Title** | **Index/Case Number** | **Court** | **Judge (if assigned)** | **Relationship to instant case** |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| PARTIES | For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**. | | | |
|---|---|---|---|---|
| **Un-Rep** | **Parties** <br> List parties in same order as listed in the caption and in same roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | **Attorneys and Unrepresented Litigants** <br> For represented parties, provide attorney's name, firm name, address, phone and email.  For unrepresented parties, provide party's address, phone and email. | **Issue Joined** <br> For each defendant, indicate if issue has been joined. | **Insurance Carriers** <br> For each defendant, indicate insurance carrier, if applicable. |
| ☐ | Name: DOE, PCVA JANE <br><br> Role(s): Plaintiff/Petitioner | LUCAS FRANKEN, PFAU COCHRAN VERTETIS AMALA, 701 5TH AVE STE 4300 , SEATTLE, WA  98104, lfranken@pcvalaw.com | ☒ YES  ☐ NO | |
| ☒ | Name: UNIVERSAL MUSIC GROUP, INC. <br><br> Role(s): Defendant/Respondent | 2220 Colorado Ave, Santa Monica, CA  90404 | ☐ YES  ☒ NO | |
| ☒ | Name: UMG RECORDINGS, INC. <br><br> Role(s): Defendant/Respondent | | ☐ YES  ☒ NO | |
| ☒ | Name: UNIVERSAL MUSIC CORP. <br><br> Role(s): Defendant/Respondent | | ☐ YES  ☒ NO | |
| ☒ | Name: DEF JAM MUSIC, INC. <br><br> Role(s): Defendant/Respondent | | ☐ YES  ☒ NO | |
| ☒ | Name: DEF JAM RECORDS, INC. <br><br> Role(s): Defendant/Respondent | | ☐ YES  ☒ NO | |
| ☒ | Name: LILES, KEVIN W. <br><br> Role(s): Defendant/Respondent | | ☐ YES  ☒ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES  ☐ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER  RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated:    02/26/2025

LUCAS BERNARD FRANKEN
Signature

5476510
Attorney Registration Number

LUCAS BERNARD FRANKEN
Print Name

At IAS Part __12__ of the
Supreme Court of the State of
New York, County of New York,
held at the Courthouse located at
60 Centre Street, New York, NY
10007, on February 28, 2025

HON. LESLIE A. STROTH

PRESENT: Hon. _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
_____

PCVA JANE DOE,                              Index No.: __152566/2025__

                                Plaintiff,

                                           **PLAINTIFF PCVA JANE**
-against-                                  **DOE'S ORDER TO SHOW**
                                           **CAUSE TO PROCEED VIA**
UNIVERSAL MUSIC GROUP, INC., UMG           **PSEUDONYM**
RECORDINGS, INC., UNIVERSAL MUSIC CORP.,
DEF JAM MUSIC, INC., DEF JAM RECORDS, INC,         — —
and KEVIN WESLEY LILES,                              MS #1

                                Defendants.
_____

### ORDER TO SHOW CAUSE

Upon reading the Summons and Complaint in this action, the annexed Affirmation of

Lucas B. Franken in Support of Plaintiff PCVA JANE DOE's Order to Show Cause to Proceed

Via Pseudonym, and the Memorandum of Law in Support of PCVA JANE DOE's Order to Show

Cause to Proceed Via Pseudonym,

Let the Defendants SHOW CAUSE at an IAS Part __12__, Room __328__ of this Court, to

be held at the Courthouse located at 60 Centre Street, New York, NY, on the __8__ day of __May__

2025, at __11:00__ am/pm, or as soon thereafter as counsel can be heard, why an Order should

not issue:

1

(1)    Permitting Plaintiff PCVA JANE DOE to proceed in this case anonymously by using a pseudonym in Plaintiff PCVA JANE DOE's publicly filed documents pursuant to Civil Rights Law 50-b and other supporting authority and case law; and

(2)    Requiring that in any publicly filed court papers, the parties refer to Plaintiff PCVA JANE DOE by her pseudonym that she used in the Summons and Complaint and refrain from otherwise disclosing the identity of Plaintiff PCVA JANE DOE to anyone other than their attorneys, experts, consultants or insurance carriers, and allow disclosure to those specified persons so long as such persons provided with this information agree to maintain the confidentiality of the information; and

(3)    That the County Clerk maintain the caption of the above-entitled matter in the current minute books and indices of actions and proceedings maintained in the office under the following caption:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
_____

PCVA JANE DOE,

                        Plaintiff,

    -against-

UNIVERSAL MUSIC GROUP, INC., UMG RECORDINGS,
INC., UNIVERSAL MUSIC CORP., DEF JAM MUSIC, INC.,
DEF JAM RECORDS, INC, and KEVIN WESLEY LILES

                        Defendants.
_____

(4)    Deeming Plaintiff PCVA JANE DOE's use of pseudonym and the caption "PCVA JANE DOE v. UNIVERSAL MUSIC GROUP, INC., UMG RECORDINGS, INC., UNIVERSAL

2

MUSIC CORP., DEF JAM MUSIC, INC., DEF JAM RECORDS, INC, AND KEVIN WESLEY

LILES" and the following caption to be proper:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PCVA JANE DOE,

Plaintiff,

-against-

UNIVERSAL MUSIC GROUP, INC., UMG RECORDINGS,
INC., UNIVERSAL MUSIC CORP., DEF JAM MUSIC, INC.,
DEF JAM RECORDS, INC, and KEVIN WESLEY LILES

Defendants.

(5)    Granting such other and further relief as may be just and proper; and it is

**ORDERED** that, pending a hearing on this motion BEFORE THE JUSTICE TO BE

ASSIGNED, the Clerk of this Court, upon payment of the proper fees, be and is hereby

directed to assign an index number to this proceeding, and to accept for filing a Request

for Judicial Intervention ("RJI"), bearing the following caption, namely:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PCVA JANE DOE,

Plaintiff,

-against-

UNIVERSAL MUSIC GROUP, INC., UMG RECORDINGS,
INC., UNIVERSAL MUSIC CORP., DEF JAM MUSIC, INC.,
DEF JAM RECORDS, INC, and KEVIN WESLEY LILES

Defendants.

and it is further

3

**ORDERED** that, personal service of this OSC together with the papers upon which it is based, and the Summons and Complaint shall be served on Defendants on or before _____ March 4 _____, 2025; and

**ORDERED** that Defendants shall serve papers in opposition, if any, by NYSCEF on or before _____ April 14 _____, 2025.

No reply

**ENTER:**

Dated: 2/28/25

_____
Justice of the Supreme Court

HON. LESLIE A. STROTH

4

Case 1:25-cv-02745-NRB    Document 1-1    Filed 04/02/25    Page 58 of 88

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

PCVA JANE DOE,

                    Plaintiff,

v.

UNIVERSAL MUSIC GROUP, INC., UMG
RECORDINGS, INC., UNIVERSAL MUSIC
CORP., DEF JAM MUSIC, INC., DEF JAM
RECORDS, INC., and KEVIN WESLEY
LILES,

                    Defendants.

Index No. 152566/2025

Hon. Leslie A. Stroth

**NOTICE OF APPEARANCE OF**
**KRYSTAL C. DURHAM**

Please take notice that Krystal C. Durham of Williams & Connolly LLP hereby appears

as counsel on behalf of Defendant Kevin Wesley Liles in the above-captioned action, and

requests that all parties serve upon the undersigned all papers filed in or affecting this action.

Dated: Washington, DC
          March 10, 2025

                                        WILLIAMS & CONNOLLY LLP

                                        /s/ *Krystal C. Durham*
                                        Krystal C. Durham (N.Y. Bar # 5157623)
                                        For Matters in New York:
                                        650 Fifth Avenue, Suite 1500
                                        New York, NY 10019

                                        680 Maine Avenue, S.W.
                                        Washington, DC 20024
                                        Telephone: (202) 434-5493
                                        E-Mail: kdurham@wc.com

                                        *Attorney for Defendant Kevin Wesley Liles*

To:    Lucas B. Franken
        lfranken@pcvalaw.com
        Mallory C. Allen
        mallen@pvcalaw.com
        31 Hudson Yards, 11th Floor
        New York, NY 10001-2170

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

|  |  |
|---|---|
| PCVA JANE DOE, <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSAL MUSIC GROUP, INC., UMG RECORDINGS, INC., UNIVERSAL MUSIC CORP., DEF JAM MUSIC, INC., DEF JAM RECORDS, INC., and KEVIN WESLEY LILES, <br><br> Defendants. | Index No. 152566/2025 <br><br> Hon. Leslie A. Stroth <br><br><br> **NOTICE OF APPEARANCE OF ALLISON S. EISEN** |

Please take notice that Allison S. Eisen of Williams & Connolly LLP hereby appears as counsel on behalf of Defendant Kevin Wesley Liles in the above-captioned action, and requests that all parties serve upon the undersigned all papers filed in or affecting this action.

Dated: Washington, DC
      March 10, 2025

                                WILLIAMS & CONNOLLY LLP

                                */s/ Allison S. Eisen*
                                Allison S. Eisen (N.Y. Bar #5689682)
                                For Matters in New York:
                                650 Fifth Avenue, Suite 1500
                                New York, NY 10019

                                680 Maine Avenue, S.W.
                                Washington, DC 20024
                                Telephone: (202) 434-5354
                                E-Mail: aeisen@wc.com

                                *Attorney for Defendant Kevin Wesley Liles*

To:    Lucas B. Franken
        lfranken@pcvalaw.com
        Mallory C. Allen
        mallen@pvcalaw.com
        31 Hudson Yards, 11th Floor
        New York, NY 10001-2170

Job #    12824098
Ref #    20250303145206

# Affidavit of Process Server

In The Supreme Court of the State of New York in and for the County of New York
(NAME OF COURT)

| PCVA Jane Doe | VS | Universal Music Group, Inc., et al | 152566/2025 |
|---|---|---|---|
| PLAINTIFF/PETITIONER | | DEFENDANT/RESPONDENT | CASE NUMBER |

I **William Bailey**, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized to perform said service.

Service: I served _____ Universal Music Group, Inc. _____
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) Notice of Electronic Filing; Summons; Verified Complaint; Verification; Order to Show Cause; Memorandum of Law; Affirmation; Exhibits; Request for Judicial Intervention (Received Mar 4, 2025 at 1:15pm EST)
by leaving with _____ Chimere Brooks, Intake Specialist authorized to accept _____
NAME/RELATIONSHIP/TITLE

Service Address: _____ Corporation Trust Company, Registered Agent 1209 Orange St. , Wilmington, DE 19801 _____

On _____ Tue, Mar 04 2025 _____ AT _____ 02:42 PM _____
DATE                                                                                      TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
DATE

from _____
CITY                          STATE                          ZIP

**Manner of Service:**
[ ] **Personal:** By personally delivering copies to the person being served.
[ ] **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of 18 and explaining the general nature of the papers.
[ ] **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
[X] **Corporate:** By personally delivering copies to the person named above.
[ ] **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.
[ ] Inquired if subject was a member of the U.S. Military and was informed they are not.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

[ ] Unknown at Address   [ ] Moved, Left no Forwarding   [ ] Service Cancelled by Litigant   [ ] Unable to Serve in Timely Fashion
[ ] Address Does Not Exist   [ ] Other _____

**Description of Person Served Based Upon the Undersigned's Perception:**
Age: 35 Sex: Female Race: African American Height: 5'7" Weight: 220 lb Hair: Black Other:

Date: March 05, 2025 _____

_____
SIGNATURE OF PROCESS SERVER

Subscribed and sworn before me a Notary Public of the State
of Delaware on March 05, 2025 (Date)

_____
SIGNATURE OF NOTARY PUBLIC
NOTARY PUBLIC for the State of Delaware

KIMBERLY J. RYAN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires March 31, 2028

1 of 1

Job #  12824081
Ref #  20250303145717

# Affidavit of Process Server

In The Supreme Court of the State of New York in and for the County of New York
(NAME OF COURT)

| PCVA Jane Doe | VS | Universal Music Group, Inc., et al | 152566/2025 |
|---|---|---|---|
| PLAINTIFF/PETITIONER | | DEFENDANT/RESPONDENT | CASE NUMBER |

I **William Bailey**, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized to perform said service.

Service: I served _____ UMG Recordings, Inc. _____
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) Notice of Electronic Filing; Summons; Verified Complaint; Verification; Order to Show Cause; Memorandum of Law; Affirmation; Exhibits; Request for Judicial Intervention (Received Mar 4, 2025 at 1:15pm EST)
by leaving with _____ Chimere Brooks, Intake Specialist authorized to accept _____
NAME/RELATIONSHIP/TITLE

Service Address: _____ Corporation Trust Company, Registered Agent 1209 Orange St., Wilmington, DE 19801 _____

On _____ Tue, Mar 04 2025 _____ AT _____ 02:42 PM _____
DATE                                                                      TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
DATE

from _____
CITY            STATE            ZIP

Manner of Service:
- [ ] **Personal:** By personally delivering copies to the person being served.
- [ ] **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of 18 and explaining the general nature of the papers.
- [ ] **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
- [X] **Corporate:** By personally delivering copies to the person named above.
- [ ] **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.
- [ ] Inquired if subject was a member of the U.S. Military and was informed they are not.

Non-Service: After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

- [ ] Unknown at Address [ ] Moved, Left no Forwarding [ ] Service Cancelled by Litigant [ ] Unable to Serve in Timely Fashion
- [ ] Address Does Not Exist [ ] Other _____

Description of Person Served Based Upon the Undersigned's Perception:
Age: 35 Sex: Female Race: African American Height: 5'7" Weight: 220 lb Hair: Black Other:

Date: March 05, 2025 _____                    _____
                                                                                        SIGNATURE OF PROCESS SERVER

Subscribed and sworn before me a Notary Public of the State
of Delaware on March 05, 2025 (Date)                         _____
                                                                                        SIGNATURE OF NOTARY PUBLIC
                                                                                        NOTARY PUBLIC for the State of Delaware

KIMBERLY J. RYAN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires March 31, 2026

1 of 1

Job # 12824058
Ref # 20250303145852

# Affidavit of Process Server

In The Supreme Court of the State of New York in and for the County of New York
(NAME OF COURT)

| PCVA Jane Doe | VS | Universal Music Group, Inc., et al | 152566/2025 |
| PLAINTIFF/PETITIONER | | DEFENDANT/RESPONDENT | CASE NUMBER |

I William Bailey, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized to perform said service.

**Service:** I served _____ Universal Music Corp. _____
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) Notice of Electronic Filing; Summons; Verified Complaint; Verification; Order to Show Cause; Memorandum of Law; Affirmation; Exhibits; Request for Judicial Intervention (Received Mar 4, 2025 at 1:15pm EST)
by leaving with _____ Chimere Brooks, Intake Specialist authorized to accept _____
NAME/RELATIONSHIP/TITLE

Service Address: _____ Corporation Trust Company, Registered Agent 1209 Orange St., Wilmington, DE 19801 _____

On _____ Tue, Mar 04 2025 _____ AT _____ 02:42 PM _____
DATE                                                    TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
DATE

from _____
CITY                STATE                ZIP

**Manner of Service:**
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of 18 and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☒ **Corporate:** By personally delivering copies to the person named above.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.
☐ Inquired if subject was a member of the U.S. Military and was informed they are not.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address  ☐ Moved, Left no Forwarding  ☐ Service Cancelled by Litigant  ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist  ☐ Other _____

**Description of Person Served Based Upon the Undersigned's Perception:**
Age: 35 Sex: Female Race: African American Height: 5'7" Weight: 220 lb Hair: Black Other:

Date: March 05, 2025 _____                _____
SIGNATURE OF PROCESS SERVER

Subscribed and sworn before me a Notary Public of the State
of Delaware on March 05, 2025 (Date)                _____
SIGNATURE OF NOTARY PUBLIC
NOTARY PUBLIC for the State of Delaware

KIMBERLY J. RYAN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires March 31, 2028

Job #  12824029
Ref #  20250303150154

# Affidavit of Process Server

In The Supreme Court of the State of New York in and for the County of New York
(NAME OF COURT)

| PCVA Jane Doe | VS | Universal Music Group, Inc., et al | 152566/2025 |
| PLAINTIFF/PETITIONER | | DEFENDANT/RESPONDENT | CASE NUMBER |

I William Bailey, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized to perform said service.

Service: I served _____ Def Jam Music, Inc. _____
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) Notice of Electronic Filing; Summons; Verified Complaint; Verification; Order to Show Cause; Memorandum of Law; Affirmation; Exhibits; Request for Judicial Intervention (Received Mar 4, 2025 at 1:15pm EST)
by leaving with _____ Chimere Brooks, Intake Specialist authorized to accept _____
NAME/RELATIONSHIP/TITLE

Service Address: _____ Corporation Trust Company, Registered Agent 1209 Orange St. , Wilmington, DE 19801 _____

On _____ Tue, Mar 04 2025 _____  AT _____ 02:42 PM _____
DATE                                                                    TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
DATE

from _____
CITY                    STATE                    ZIP

Manner of Service:
- [ ] **Personal:** By personally delivering copies to the person being served.
- [ ] **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of 18 and explaining the general nature of the papers.
- [ ] **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
- [X] **Corporate:** By personally delivering copies to the person named above.
- [ ] **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.
- [ ] Inquired if subject was a member of the U.S. Military and was informed they are not.

Non-Service: After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

- [ ] Unknown at Address  [ ] Moved, Left no Forwarding  [ ] Service Cancelled by Litigant  [ ] Unable to Serve in Timely Fashion
- [ ] Address Does Not Exist  [ ] Other _____

Description of Person Served Based Upon the Undersigned's Perception:
Age: 35 Sex: Female Race: African American Height: 5'7" Weight: 220 lb Hair: Black Other:

Date: March 05, 2025 _____

_____
SIGNATURE OF PROCESS SERVER

Subscribed and sworn before me a Notary Public of the State
of Delaware on March 05, 2025 (Date)

_____
SIGNATURE OF NOTARY PUBLIC
NOTARY PUBLIC for the State of Delaware

KIMBERLY J. RYAN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires March 31, 2028

1 of 1

Job #   12823999
Ref #   20250303150018

# Affidavit of Process Server

In The Supreme Court of the State of New York in and for the County of New York
(NAME OF COURT)

| PCVA Jane Doe | VS | Universal Music Group, Inc., et al | 152566/2025 |
| PLAINTIFF/PETITIONER | | DEFENDANT/RESPONDENT | CASE NUMBER |

I William Bailey, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized to perform said service.

Service: I served _____ Def Jam Records, Inc. _____
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) Notice of Electronic Filing; Summons; Verified Complaint; Verification; Order to Show Cause; Memorandum of Law; Affirmation; Exhibits; Request for Judicial Intervention (Received Mar 4, 2025 at 1:15pm EST)
by leaving with          Chimere Brooks, Intake Specialist authorized to accept
NAME/RELATIONSHIP/TITLE

Service Address:          Corporation Trust Company, Registered Agent 1209 Orange St. , Wilmington, DE 19801

On          Tue, Mar 04 2025          AT          02:42 PM
DATE          TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
DATE

from _____
CITY          STATE          ZIP

Manner of Service:
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of 18 and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☒ **Corporate:** By personally delivering copies to the person named above.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.
☐ Inquired if subject was a member of the U.S. Military and was informed they are not.

Non-Service: After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address ☐ Moved, Left no Forwarding ☐ Service Cancelled by Litigant ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist ☐ Other _____

Description of Person Served Based Upon the Undersigned's Perception:
Age: 35 Sex: Female Race: African American Height: 5'7" Weight: 220 lb Hair: Black Other:

Date: March 05, 2025 _____

_____
SIGNATURE OF PROCESS SERVER

Subscribed and sworn before me a Notary Public of the State
of Delaware on March 05, 2025 (Date)

_____
SIGNATURE OF NOTARY PUBLIC
NOTARY PUBLIC for the State of Delaware

KIMBERLY J. RYAN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires March 31, 2028

1 of 1

COURT OF THE STATE/CITY OF NEW YORK

COUNTY OF **NEW YORK** ATTORNEY: **LUCAS B. FRANKEN, ESQ.**

20250303150622

**AFFIDAVIT OF SERVICE**

| | |
|---|---|
| **PCVA JANE DOE**<br>- against -<br>**UNIVERSAL MUSIC GROUP, INC., ET AL** | Petitioner(s)<br>Plaintiff(s)<br>Respondent(s)<br>Defendant(s) |

INDEX#
152566 2025
DATE OF FILING:
1-26-2025

STATE OF: NEW JERSEY - COUNTY OF: UNION ss:

I, BRIAN ROTHSTEIN, being duly sworn deposes and says deponent is not a party to this action, is over the age of 18 and resides in _NJ_
That on date/time: **3/5/2025 7:14 PM**, at 4 HUYLER LANDING RD   CRESSKILL  NJ  07626
deponent served within: NOTICE OF ELECTRONIC FILING, SUMMONS, VERIFIED COMPLAINT, VERIFICATION, ORDER TO SHOW CAUSE, MEMORANDUM OF LAW, AFFIRMATION, EXHIBITS, RJI
[ ] Summons, Spanish summons & complaint, the language required by NRCRR 2900.2(e), (f) & (h) was set forth on the face of the summons(es)

On: KEVIN WESLEY LILES

[ ] Defendant        [ ] Respondent        [ ] Witness (hereinafter called the recipient) therein named.

| | |
|---|---|
| **INDIVIDUAL**<br>**A    [X]** | By personally delivering and leaving with said KEVIN WESLEY LILES<br>and that he/she knew the person so served to be the person mentioned and described in the aforementioned documents. *The recipient identified himself/herself through self-admission* |
| **CORPORATION**<br>**B    [ ]** | By delivering to and leaving with _____<br>at _____<br>and that he knew the person so served to be _____ of the corporation. |
| **SUITABLE AGE**<br>**PERSON**<br>**C    [ ]** | Service was made in the following manner after your deponent was unable with due diligence to serve the defendant in person:<br>By delivering a true copy thereof to and leaving with _____<br>a person of suitable age and discretion at _____<br>the said premises being the recipient's [X] Dwelling/Usual place of abode [ ] Actual place of business within the State of NJ. |
| **AFFIXING TO**<br>**DOOR, ETC**<br>**D    [ ]** | By affixing a true copy thereof at the said premises, the same being the recipient's [X]<br>Dwelling/Usual place of abode [ ] Actual place of business within the State of NJ.<br>Deponent had previously attempted to serve the above named recipient on/at times documented below/to right:<br>Deponent spoke with _____ who stated to deponent that the said recipient(s)<br>lived at the aforementioned address, but did not know recipient's place of employment.<br>1. _____                2. _____                3. _____ |
| | Attempts<br>3/4/2025 12:26:00 PM |
| **MAILING TO**<br>**RESIDENCE**<br>**E1    [ ]** | Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient to recipient's dwelling place/usual place of abode at the above address and deposited said envelope in an official repository under the exclusive care and custody of the US Postal Service within the State of NJ. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the recipient and mailed on 3/5/2025. |
| **MAILING TO**<br>**BUSINESS**<br>**E2    [ ]** | Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient to recipient's actual place of business at the above address and deposited said envelope in an official repository under the exclusive care and custody of the US Postal Service within the State of NJ. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the recipient and mailed on 3/5/2025. |
| **WITNESS FEE**<br>**F    [ ]** | Witness fee of  the authorizing traveling expenses and one day's witness fee:<br>[ ] was paid (tendered) to the recipient [ ] was mailed to the witness with subpoena copy. |
| **MILITARY SERVICE**<br>**G    [X]** | I asked the person spoken to whether defendant was in active military service of the United States or of the State of NJ in any capacity whatsoever and received a negative reply. Defendant wore civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated. |
| **H    [X]** | DEPONENT STATES THAT THE INDEX # AND FILING DATE WERE CLEARLY VISIBLE ON THE SUMMONS.<br>DESCRIPTION OF THE RECIPIENT OR OTHER PERSON SERVED OR SPOKEN TO ON BEHALF OF THE RECIPIENT IS AS: |

**Description of Person Accepting Service:**

SEX: M    AGE: 51-65    HEIGHT: 5'4"-5'8"    WEIGHT: 161-200 LBS.    SKIN: BLACK    HAIR: GRAY    OTHER: GLASSES

**To Be Used Where Electronic Signature Not Available**
Served Data:
Subscribed and Sworn to me this

6 day of March, 20 25

Notary Signature _____

Name of Notary _____        Commission Expiration _____

ROSEMARY RAMOS
NOTARY PUBLIC
MY COMMISSION EXPIRES
SEPTEMBER 25, 2028
NEW JERSEY

**Docusign Court Approved E-Signature**
I, BRIAN ROTHSTEIN,
was at the time of service a competent adult, not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____        3/6/2025
Signature of Process Server        Date
License#:Not Applicable
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE, SUITE 101
UNION, NJ 07083

 # Guaranteed Subpoena Service, Inc.

"If we can't serve it, it cant be served"®

**RE: CERTIFICATE OF CONFORMITY CHARGES**

**Dear Counselor:**

Per your request, attached is a Certificate of Conformity on the Affidavit of Service.

As we have to pay local counsel to complete and Certify the statements on the Affidavits, we must pass along the cost to our clients. We have Negotiated a very low charge for most states: $50.00

Thank you for entrusting your work to Guaranteed Subpoena Service Inc.

**PHILIP GERON, PRESIDENT**

2009-2013 Morris Avenue, Union, NJ 07083 · 1-800 PROCESS · Fax: (800) 236-2092 · www.served.com
*"The largest servers of process in the world"*
2 of 3

20250303150622

CIVIL COURT OF THE CITY OF NEW YORK

COUNTY OF NEW YORK

Index Number: 152566 2025

PCVA JANE DOE

vs

UNIVERSAL MUSIC GROUP, INC., ET AL

## CERTIFICATE OF CONFORMITY

I, Jarrid H. Kantor, Esq., an attorney duly licensed to practice law in the State of New York and New Jersey, being fully acquainted with the laws of New York pertaining to the acknowledgment of affidavits in that state, hereby certify that upon information and belief the acknowledgement or proof upon the foregoing document taken by _Rosemary Lewis_, a Notary Public in the State of New Jersey, was taken in the manner prescribed by the laws of the State of New Jersey and conforms to the laws thereof in all aspects.

IN WITNESS WHEREOF, I have hereunto set my signature this __10__ day of __March__, 2025

Jarrid H. Kantor
Attorney at law

Case 1:25-cv-02745-NRB     Document 1-1     Filed 04/02/25     Page 68 of 88

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------------x
PCVA JANE DOE,                            :

                  Plaintiff,     :     Index No. 152566/2025

                            :

    – against –                :

                            :

                            :

UNIVERSAL MUSIC GROUP, INC., UMG    :   **STIPULATION TO AMEND**
RECORDINGS, INC., UNIVERSAL MUSIC CORP.,  :  **COMPLAINT**
DEF JAM MUSIC, INC., DEF JAM RECORDS, INC,  :
and KEVIN WESLEY LILES             :

                            :

              Defendants.

------------------------------------------------------------------------x

      **WHEREAS**, Defendant, UMG Recordings Inc., sued herein as UNIVERSAL MUSIC
GROUP, INC., UNIVERSAL MUSIC CORP., DEF JAM MUSIC, INC., and DEF JAM
RECORDS, INC,  has represented in the sworn affirmation of Sheryl Gold, a corporate
representative of Defendant UMG Recordings Inc., dated  March 19, 2025 and provided exhibits
thereto (collectively the "Gold Affirmation"), establishing that UMG Recordings Inc., assumed
ownership of Def Jam Records, Inc., which has not existed as a juridical entity for over 20 years
and  UMG Recordings, Inc. is the corporate successor-in-interest with respect to any alleged
liabilities of Def Jam Records, Inc, to the extent that any such liabilities may exist; and, as
successor in interest with respect to any alleged liabilities of Def Jam Recordings, Inc., between
2000-2002, Defendant Kevin Lesley Wiles may be deemed to have been an employee of
Defendant UMG Recordings Inc.,

      **IT IS HEREBY STIPULATED AND AGREED** that, by and between Plaintiff, PCVA
Jane Doe, UMG Recordings Inc., and Kevin Wesley Liles, through their undersigned counsel, that
no party hereto being an infant or incompetent for whom a committee is appointed, the above-
captioned action and complaint will be amended by the electronic filing of an Amended Complaint
(annexed hereto as Exhibit A), and without costs to any party as against the other;

      **IT IS FURTHER STIPULATED AND AGREED** that the Amended Complaint, deleting
Universal Music Group, Inc., Universal Music Corp., Def Jam Recordings, Inc. and Def Jam
Music, Inc. from the caption and Amended Complaint is based on the representations made in the
Gold Affirmation  and should said representations prove to be inaccurate, Plaintiff reserves her
right to resume and/or re-institute the above-captioned action as against any and all of the above-
captioned defendants;

      **IT IS FURTHER STIPULATED AND AGREED** that the filing of the Amended
Complaint via NYSCEF shall be deemed as complete, effectual, and proper service of the
Amended Complaint upon UMG Recordings, Inc. and Kevin Lesley Wiles (hereinafter
"Defendants");

INDEX NO. 152566/2025
RECEIVED NYSCEF: 04/02/2025

Case 1:25-cv-02745-NRB    Document 1-1    Filed 04/02/25    Page 69 of 88

**IT IS FURTHER STIPULATED AND AGREED** that Defendants expressly retain and reserve all of their defenses and objections to the Amended Complaint and all claims therein save and except as to service of process, including, without limitation, any and all jurisdictional defenses and all defenses relating to the Victims of Gender-Motivated Violence Protection Law (New York City Administrative Code § 10-1101 *et seq.* and §§ 8-901-8-907 *et seq.*), including any defense based on the statute of limitations, providing, however, that Defendants agree that with respect to any statute of limitations defense, the Amended Complaint shall be deemed to have been filed and shall relate back to the date on which the original Complaint in this action was filed in the Supreme Court of the State of New York ( February 26, 2025);

**IT IS FURTHER STIPULATED AND AGREED** that, in executing this stipulation Plaintiff PCVA Jane Doe shall and has reasonably relied on all of the representations, stipulations, and/or agreements contained and/or referenced herein, including those made in the Affirmation;

**IT IS FURTHER STIPULATED AND AGREED** that, for the purposes of this stipulation, electronic signatures or signatures transmitted by facsimile or email shall be deemed original signatures. This stipulation may be executed in counterparts, all of which, when read together, shall constitute the entire stipulation.

Dated:  April 1, 2025
New York, New York

**PRYOR CASHMAN, LLP**

By: Donald S. Zakarin
7 Times Square, 40th Floor
New York, NY 10036
Phone: 212-326-0108
dzakarin@pryorcashman.com
*Attorneys for Defendant*
UMG RECORDINGS INC.

**PFAU COCHRAN VERTETIS AMALA PLLC**

By: Lucas B. Franken
31 Hudson Yards, 11th Floor
New York, NY 10001
Phone: (646) 480-0848
lfranken@pcvalaw.com
*Attorneys for Plaintiff*
PCVA JANE DOE

**WILLIAMS & CONNOLLY LLP**

By: Krystal C. Durham
680 Maine Ave, S.W.,
Washington, DC 20024
Phone: 202-434-5493
kdurham@wc.com
*Attorneys for Defendant*
KEVIN WESLEY LILES

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| PCVA JANE DOE, | Index No.: 152566/2026 |
| Plaintiff, | **<u>SUMMONS</u>** |
| -against- | Plaintiff designates New York County as the place of trial. |
| UMG RECORDINGS, INC. and KEVIN WESLEY LILES, | The basis of venue is CPLR § 503: the location in which a substantial part of the events or omissions giving rise to plaintiff's claims occurred. |
| Defendants. | |

TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: April 2, 2025

PFAU COCHRAN VERTETIS AMALA PLLC

By: _____
Lucas B. Franken
lfranken@pcvalaw.com
Mallory C. Allen
mallen@pcvalaw.com
31 Hudson Yards, 11th Floor
New York, NY 10001-2170

*Attorney for Plaintiff*

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PCVA JANE DOE,                                    Index No.: 152566/2026

                              Plaintiff,

                                                 **AMENDED VERIFIED**
-against-                                        **COMPLAINT**

UMG RECORDINGS, INC. and KEVIN WESLEY
LILES,

                              Defendants.

      Plaintiff PCVA Jane Doe, by and through her attorneys, the law firm Pfau Cochran Vertetis

Amala PLLC, respectfully alleges for her Amended Complaint the following:

## I.      INTRODUCTION

      1.      Plaintiff, PCVA Jane Doe, files this Amended Complaint for damages based on the

Victims of Gender-Motivated Violence Protection Law (hereafter "VGM") (New York City

Administrative Code § 10-1101 *et seq.* and §§ 8-901-8-907 *et seq.*) for the sexual harassment, rape

and abuse by Kevin Wesley Liles ("Kevin Liles") and the permitting, aiding, abetting, conspiring,

ratifying and enabling of the sexual harassment, assault and rape by UMG Recordings, Inc. On

January 9, 2022, an amendment to the VGM was enacted by the New York City council.  This

amendment allows survivors of gender-motivated violence, whose claims were previously time-

barred, to file a lawsuit against their abuser and/or the person or entity who enabled, directed or

conspired with said abuser, during a two-year lookback period. The lookback window began on March 1, 2023 and will end on March 1, 2025.[1]

## II.    PARTIES, JURISDICTION AND VENUE

2.      Plaintiff PCVA Jane Doe is a female over 18 years of age who currently resides in West Haven, Connecticut.

3.      At all relevant times PCVA Jane Doe was a victim of one or more criminal sex acts in the State of New York. Since such criminal violation is the basis for this action, plaintiff PVCA Jane Doe is entitled to the protection of Civil Rights Law 50-b and has filed a motion asking this Court for permission to proceed using a pseudonym (Mot. Seq. No. 001). Said motion is presently returnable on May 8, 2025. *See*, NYSCEF Doc. No. 8.

4.      Plaintiff will likewise seek a stipulation from the defendants agreeing to enter into a protective order which will ensure that her identity is protected from the public while allowing the defendants full access to information necessary for their defense.

5.      While PCVA Jane Doe was an employee of UMG Recordings, Inc. she was a victim of one or more violent, criminal sex acts perpetrated by defendant Kevin Liles which were motivated by gender and animus based on gender in the State of New York which was/were committed, directed, permitted and/or enabled by UMG Recordings, Inc., including sex acts that would constitute a sexual offense under NY Penal Laws, *inter alia*,   130.52, 130.50 and 130.35.

---

[1] Pursuant to the Stipulation Amending the Complaint annexed hereto, the parties herein agree that, with respect to any statute of limitations defenses, this Amended Complaint shall be deemed to have been filed and shall relate back to the date on which the original Complaint in this action was filed in the Supreme Court of the State of New York (February 26, 2025).

2

INDEX NO. 152566/2025
RECEIVED NYSCEF: 04/02/2025

6.      At all relevant times defendant UMG Recordings, Inc. was a foreign business corporation by virtue of the laws of the state of Delaware, with its principal place of business in Santa Monica, California.

7.      Upon information and belief, at all relevant times defendant UMG Recordings, Inc. was authorized to conduct business in and under the laws of the State of New York and did conduct business in the State of New York and derived substantial revenue therefrom.

8.      Upon information and belief, at all relevant times Def Jam Records, Inc. was affiliated with, a subsidiary of and/or owned, operated and controlled by defendant UMG Recordings, Inc.

9.      Upon information and belief, at all relevant times defendant UMG Recordings, Inc. operated, owned, controlled, managed, supervised a music record label division which was generally known to the public at large as "Def Jam Records", "Def Jam" and/or "Island Def Jam."

10.     Upon information and belief, defendant Kevin Liles is an adult male who currently resides in Cresskill, New Jersey.

11.     Upon information and belief, at all times relevant, defendant Kevin Liles was an agent, servant, borrowed employee and/or employee of UMG Recordings, Inc. and was operating under the direction and control of UMG Recordings, Inc.

12.     Upon information and belief, at all relevant times, Kevin Liles held a senior/executive/supervisory position within UMG Recordings, Inc., including but not limited to, president of "Def Jam Records", "Def Jam" and executive vice president of "Island Def Jam".

13.     To the extent that UMG Recordings Inc., was, or operated as, a different entity, corporation, or organization when Kevin Liles used his position as an employee, agent, or servant of UMG Recordings Inc. to sexually abuse and assault PCVA Jane Doe, such entity, corporation,

INDEX NO. 152566/2025
RECEIVED NYSCEF: 04/02/2025

or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named in the caption and in this complaint as UMG Recordings, Inc.

14. To the extent that defendant UMG Recordings, Inc. is a successor to a different entity, corporation, or organization that existed when Kevin Liles used his position as an employee, agent, or servant of UMG Recordings, Inc. to sexually abuse PCVA Jane Doe, or that may be liable for Kevin Liles' sexual abuse of PCVA Jane Doe in this lawsuit, including any other entity, corporation, or organization that subsequently or eventually merged into UMG Recordings, Inc., such predecessor entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named in the caption and in this complaint as UMG Recordings, Inc.

15. Based on the foregoing, this Court has jurisdiction over UMG Recordings, Inc. pursuant to CPLR §§ 301 and 302 in that these defendants, at all relevant times:

a. Reside and/or resided in New York State;

b. Conducted business activities in New York State that give rise to the claims asserted herein;

c. Transacted business in New York State;

d. Committed tortious acts in New York State that give rise to the claims asserted herein.

16. Based on the foregoing, this Court has jurisdiction over defendant Kevin Liles pursuant to CPLR §§ 301 and 302 in that this defendant, at all relevant times:

a. Reside and/or resided in New York State;

b. Conducted business activities in New York State that give rise to the claims asserted herein;

c. Transacted business in New York State;

4

d.    Committed tortious acts in New York State that give rise to the claims asserted herein.

17.    Venue is proper pursuant to CPLR § 503 because a substantial part of the events and/or omissions giving rise to this action occurred in New York County.

18.    The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### III.    STATEMENT OF FACTS

19.    Plaintiff PCVA Jane Doe repeats and re-alleges the above allegations.

20.    At all relevant times, PCVA Jane Doe was an employee of UMG Recordings, Inc.

21.    PCVA Jane Doe began her employment for UMG Recordings, Inc. in approximately 1999, and she was the executive assistant to the general manager, working at UMG Recordings, Inc.'s office in New York County, State of New York.

22.    At all times relevant, defendant Kevin Liles was a supervisor/executive member of UMG Recordings, Inc., serving as the executive/president of "Def Jam Record"/"Def Jam" and executive vice president of "Island Def Jam" who worked at UMG Recordings, Inc.'s office in New York County, State of New York.

23.    Soon after PCVA Jane Doe began working for UMG Recordings, Inc. at the aforementioned location in New York County, State of New York, Kevin Liles began sexually harassing her, including making derogatory and degrading comments based on her gender regarding her body and appearance. Those events occurred at the premises and facilities owned, operated, supervised, managed and controlled by UMG Recordings, Inc.

24.    From approximately 2000 to and through 2002, the sexual harassment by Kevin Liles escalated.  For example, on numerous occasions, Kevin Liles pressed his body against PCVA Jane Doe's breasts. Kevin Liles also grabbed PCVA Jane Doe on the buttocks. These events

occurred in the facilities owned, operated, supervised, managed and controlled by UMG Recordings, Inc.

25.     In 2002, PCVA Jane Doe was working with Kevin Liles at the aforementioned office of UMG Recordings, Inc. On that occasion, Kevin Liles began making sexually inappropriate comments and advances towards plaintiff which she rebuffed. Kevin Liles proceeded to physically force himself on top of PCVA Doe where he began to sexually assault and ultimately rape her despite her continued protests.

26.     At all relevant times, UMG Recordings, Inc. managed, maintained, supervised, operated, and/or controlled the facilities and locations that Kevin Liles used to sexually abuse, assault and rape PCVA Jane Doe.

27.     At all relevant times, UMG Recordings, Inc. hired, managed, supervised, and/or controlled the personnel, administrators, and staff that worked, served, and/or volunteered at their facilities and locations, including Kevin Liles and all other persons who worked, served, and/or volunteered at the record label division known as "Def Jam Records", "Def Jam" and/or "Island Def Jam", and the facilities and locations where PCVA Jane Doe was sexually abused, assaulted and raped by Kevin Liles.

28.     At all relevant times herein, UMG Recordings, Inc. enabled, permitted, directed, controlled, approved, managed, operated and ratified the manner in which Liles engaged with employees of UMG Recordings, Inc., including Plaintiff.

29.     At all relevant times, UMG Recordings, Inc. held themselves out to the public and to Kevin Liles as the owner of the record label division known as "Def Jam Records", "Def Jam" and/or "Island Def Jam", including the facilities and locations where PCVA Jane Doe was sexually abused, assaulted and raped by Kevin Liles.

6

30.     At all relevant times, UMG Recordings, Inc. held out their agents, servants, and employees to the public and to PCVA Jane Doe as those who managed, maintained, supervised, operated, and controlled their facilities and locations, including the facilities and locations where PCVA Jane Doe was sexually abused, assaulted and raped by Kevin Liles.

31.     At all relevant times, UMG Recordings, Inc. held out their agents, servants, and employees to the public and to PCVA Jane Doe as those who hired, managed, supervised, and controlled the personnel, administrators, and staff that worked, served, and/or volunteered at their facilities and locations, including Kevin Liles and all other persons who worked, served, and/or volunteered for UMG Recordings, Inc., and the facilities and locations where PCVA Jane Doe was sexually abused, assaulted and raped by Kevin Liles.

32.     At all relevant times, UMG Recordings, Inc. materially benefited from the activities of Kevin Liles, the operation of the record label division known as "Def Jam Records", "Def Jam" and/or "Island Def Jam" and the facilities and locations where PCVA Jane Doe was sexually abused, assaulted and raped by Kevin Liles.

33.     At all relevant times, Kevin Liles was an employee, borrowed employee, agent, and/or servant of UMG Recordings, Inc., including president of the record label division known as "Def Jam Records", "Def Jam" and/or the executive vice president of "Island Def Jam", who worked, served, and/or volunteered for UMG Recordings, Inc. and the facilities and locations where PCVA Jane Doe was sexually abused, assaulted and raped by Kevin Liles.

34.     At all relevant times Kevin Liles was an employee, borrowed employee, agent, and/or servant of UMG Recordings, Inc.

35.     At all relevant times, UMG Recordings, Inc. held Kevin Liles out to the public and to PCVA Jane Doe as their employee, borrowed employee, agent, and/or servant.

36.    At all relevant times, Kevin Liles was acting in the course and scope of his employment as an employee, borrowed employee, agent, and/or servant of UMG Recordings, Inc.

37.    At all relevant times, UMG Recordings, Inc. allowed Kevin Liles to use their offices or facilities on the premises owned, operated, supervised, managed, controlled by UMG Recordings, Inc. to sexually abuse, assault and rape PCVA Jane Doe.

38.    Kevin Liles used his position as an employee, borrowed employee, agent, and/or servant of UMG Recordings, Inc. to sexually abuse, assault and rape PCVA Jane Doe while using their facilities and locations.

39.    Kevin Liles used the facilities and locations of UMG Recordings, Inc. to sexually abuse, assault and rape PCVA Jane Doe.

40.    The acts of Kevin Liles against PVCA Jane Doe constitute crimes under Article 130 of the New York State Penal Law including, but not limited to, Rape in the First Degree, Penal Law § 130.35, Forcible Touching, Penal Law § 130.52, Criminal Sexual Act in the First Degree, Penal Law §130.50.

## IV.    CAUSES OF ACTION

### A.    FIRST CAUSE OF ACTION: AS AGAINST ALL DEFENDANTS - VICTIMS OF GENDER-MOTIVATED VIOLENCE PROTECTION LAW, NYC ADMIN. CODE §§ 10-1101 – 10-1107, *ET SEQ,* AND 9 §§ 8-901-8-907 *ET SEQ*

41.    Plaintiff repeats and re-alleges the above allegations.

42.    Plaintiff is a victim of a crime of violence and a crime motivated by gender pursuant to NYC Administrative Code Section § 10-1103 and § 8-903.

43.    Kevin Liles committed an act or series of acts that constitute a misdemeanor(s) and/or felony(ies) against Plaintiff as aforestated.

44.    The acts of Kevin Liles presented a serious risk of physical injury to Plaintiff.

8

INDEX NO. 152566/2025
RECEIVED NYSCEF: 04/02/2025

45.     The acts of Kevin Liles were crimes of violence committed because of Plaintiff's gender or on the basis of Plaintiff's gender, and due, at least in part, to an animus based on Plaintiff's gender.

46.     Plaintiff was injured by the commission of a crime(s) of violence which was motivated by her gender and by animus based on Plaintiff's gender.

47.     UMG Recordings, Inc. not only knew or should have known of Kevin Liles' propensity to commit the aforementioned crimes of violence motivated by gender animus, but also directed, enabled, permitted, participated in and/or conspired in the aforementioned crimes of violence motivated by gender animus by Kevin Liles and said actions and/or omissions of UMG Recordings, Inc. were the proximate cause of, and a substantial factor of the aforementioned crimes of violence motivated by gender animus perpetrated by Kevin Liles against Plaintiff.

48.      By ignoring, dismissing, and failing to take any action against Kevin Liles such as firing him or reporting him to the police, UMG Recordings, Inc. conspired, enabled and permitted Kevin Liles to commit the aforementioned crimes of violence motivated by gender animus against Plaintiff.

49.     By conspiring to permit Kevin Liles to commit acts of gender based sexual violence against Plaintiff and others due to the pecuniary and reputational benefit that Kevin Liles provided to the business of UMG Recordings, Inc.

50.     The actions and/or omissions of UMG Recordings, Inc. as aforestated were done with animus, malice and a reckless disregard for the rights, safety and well-being of Plaintiff.

51.     By reason of the foregoing, Plaintiff has suffered damages and all defendants are liable to Plaintiff for compensatory damages and punitive damages, together with interest, costs and attorneys' fees.

9

## B.    SECOND CAUSE OF ACTION: AS AGAINST UMG RECORDINGS, INC. – NEGLIGENCE

52.    Plaintiff repeats and re-alleges the above allegations.

53.    At all relevant times, Kevin Liles was under the supervision, employ, direction and/or control of UMG Recordings, Inc.

54.    At all relevant times UMG Recordings, Inc. owed a duty to take reasonable steps to protect its employees, including Plaintiff, from foreseeable harm including Kevin Liles' propensity to sexually abuse, assault and rape their employees.

55.    UMG Recordings, Inc. breached the foregoing duty by failing to exercise reasonable care to prevent Kevin Liles from sexually abusing, assaulting and raping Plaintiff while Plaintiff was an employee of UMG Recordings, Inc. and performing her job functions at the facilities and locations owned, operated, controlled, supervised and managed by UMG Recordings, Inc. in furtherance of the business interests of UMG Recordings, Inc.

56.    UMG Recordings, Inc. also had a duty to take reasonable steps to prevent defendant Kevin Liles from using the tasks, premises, and instrumentalities of his position of authority as its agent and employee to sexually abuse, assault and rape Plaintiff, including its facilities, locations, and equipment.

57.    UMG Recordings, Inc. breached the foregoing duty to take reasonable steps to prevent defendant Kevin Liles from using the tasks, premises, and instrumentalities of his position of authority as its agent and employee to sexually abuse, assault and rape Plaintiff, including its facilities, locations, and equipment.

58.    UMG Recordings, Inc. breached the foregoing duties by failing to exercise reasonable care in supervising defendant Kevin Liles when he was using its tasks, premises, and instrumentalities, including failing to investigate complaints and concerns about his behavior;

10

INDEX NO. 152566/2025
RECEIVED NYSCEF: 04/02/2025

Case 1:25-cv-02745-NRB    Document 1-1    Filed 04/02/25    Page 83 of 88

failing to exercise reasonable care in training its other agents and employees to supervise defendant Kevin Liles, including recognizing signs that he was using his position to sexually abuse employees and volunteers; failing to exercise reasonable care in supervising Plaintiff while she was performing her job functions as an employee of UMG Recordings, Inc., and, failing to warn Plaintiff that defendant Kevin Liles may pose a danger to Plaintiff in that he might use his position to sexually abuse, assault and rape her.

59.    UMG Recordings, Inc. knew, or were negligent in not knowing, that Kevin Liles posed a threat of sexual abuse and sexual assault to their employees, including Plaintiff.

60.    UMG Recordings, Inc. failed to take appropriate measures to evaluate Kevin Liles' employment and fitness at the time he was allowed to work at and thereafter remain in the employ of UMG Recordings, Inc.

61.    Kevin Liles' conduct was undertaken and/or enabled during the course and/or within the scope of his employment, appointment, assignment, and/or agency with UMG Recordings, Inc.

62.     At all relevant times, UMG Recordings, Inc. failed to have appropriate procedures in place for employees or faculty to report sexual harassment and sexual assault.

63.    UMG Recordings, Inc. also failed to adequately supervise Kevin Liles and permitted him to entrap their employees in locations that enabled his sexual abuse, assault and rape of their employees, including Plaintiff.

64.    As a direct and proximate result of UMG Recordings, Inc.'s acts and omissions, Plaintiff sustained and will continue to sustain damages.

65.    As a direct result of the foregoing, Plaintiff was injured solely and wholly as a result of the negligence, gross negligence, carelessness, and recklessness of UMG Recordings, Inc.

and/or their agents, servants, employees, without any negligence on the part of the Plaintiff contributing thereto.

66.    By reason of the foregoing, UMG Recordings, Inc. is liable to Plaintiff for compensatory damages and punitive damages, together with interests and costs.

### C.    SECOND CAUSE OF ACTION: AS AGAINST KEVIN LILES - ASSAULT

67.    Plaintiff repeats and re-alleges the above allegations.

68.    In committing and threatening to commit the sexual abuse, assault and rape described herein, defendant Kevin Liles had the real and apparent ability to cause imminent harmful or offensive bodily contact to Plaintiff and intentionally did a menacing act which threatened such contact to Plaintiff, when she was his subordinate.

69.    The sexual abuse, assault and rape, and threatened sexual abuse, assault and rape, by defendant Kevin Liles caused apprehension of such contact in Plaintiff.

70.    The alleged conduct constituted assault.

71.    As a direct and proximate result of that intentional harmful or offensive conduct, Plaintiff suffered general and special damages.

### D.    THIRD CAUSE OF ACTION: AS AGAINST KEVIN LILES – BATTERY

72.    Plaintiff repeats and re-alleges the above allegations.

73.    In committing the sexual abuse, assault and rape described herein, defendant Kevin Liles, touched Plaintiff without Plaintiff's consent and with the intention of causing harmful or offensive bodily contact to Plaintiff.

74.    The alleged conduct constituted battery.

75.    As a direct and proximate result of that intentional harmful or offensive contact, Plaintiff suffered general and special damages.

12

E.    **FOURTH CAUSE OF ACTION: AS AGAINST ALL DEFENDANTS –
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

76.    Plaintiff repeats and re-alleges the above allegations

77.    Defendant Kevin Liles engaged in reckless, extreme, and outrageous conduct by sexually abusing, assaulting and raping Plaintiff while he was her supervisor and/or in a position of seniority/authority over her.

78.    Defendant Kevin Liles's misconduct was so shocking and outrageous that it exceeds the reasonable bounds of decency as measured by what the average member of the community would tolerate and demonstrates an utter disregard by defendant Kevin Liles of the consequences that would follow.

79.    Defendant Kevin Liles knew that this reckless, extreme, and outrageous conduct would inflict severe emotional and psychological distress, including personal physical injury, on Plaintiff, and Plaintiff did in fact suffer severe emotional and psychological distress and personal physical injury as a result, including severe mental anguish, humiliation, and emotional and physical distress.

80.    UMG Recordings, Inc. engaged in reckless, extreme, and outrageous conduct by providing Kevin Liles with access to its employees including Plaintiff, despite knowing that he would likely use his position to sexually abuse, assault and rape employees, including Plaintiff. UMG Recordings, Inc.'s misconduct was so shocking and outrageous that it exceeds the reasonable bounds of decency as measured by what the average member of the community would tolerate and demonstrates an utter disregard of the consequences that would follow.

81.    UMG Recordings, Inc. knew that this reckless, extreme, and outrageous conduct would inflict severe emotional and psychological distress, including personal physical injury, on

13

Case 1:25-cv-02745-NRB    Document 1-1    Filed 04/02/25    Page 86 of 88

Plaintiff, and Plaintiff did in fact suffer severe emotional and psychological distress and personal physical injury as a result, including severe mental anguish, humiliation, and emotional and physical distress.

## V.    NO APPORTIONMENT OF LIABILITY

82.    Pursuant to CPLR 1603, the foregoing causes of action are exempt from the operation of CPLR 1601 by reason of one or more of the exemptions provided in CPLR 1602, including but not limited to, CPLR 1602(2), CPLR 1602(5), 1602(7) and 1602(11), thus precluding defendants from limiting their liability by apportioning some portion of liability to any joint tortfeasor.

## VI.    JURY DEMAND

83.    Plaintiff PCVA Jane Doe hereby demands a trial by jury.

## VII.    PRAYER FOR RELIEF

84.    **WHEREFORE**, Plaintiff PCVA Jane Doe demands judgment against defendants named in her causes of action, together with compensatory and punitive damages to be determined at trial, and the interest, cost and disbursements pursuant to her causes of action, and such other and further relief as the Court deems just and proper.

85.    Plaintiff PCVA Jane Doe specifically reserves the right to pursue additional causes of action, other than those outlined above, that are supported by the facts pleaded or that may be supported by other facts learned in discovery.

Dated: New York, New York
            April 2, 2025

Case 1:25-cv-02745-NRB    Document 1-1    Filed 04/02/25    Page 87 of 88

PFAU COCHRAN VERTETIS AMALA PLLC

By: _____
    Lucas B. Franken
    lfranken@pcvalaw.com
    Mallory C. Allen
    mallen@pcvalaw.com
    31 Hudson Yards, 11th Floor
    New York, NY 10001-2170

15

INDEX NO. 152566/2025

RECEIVED NYSCEF: 04/02/2025

## ATTORNEY'S VERIFICATION

LUCAS B. FRANKEN, ESQ., an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms the following statements to be true under the penalties of perjury, pursuant to Rule 2106 of the CPLR:

Your affirmant is a partner at the law firm of PFAU COCHRAN VERTETIS AMALA PLLC, attorneys for Plaintiff in the within action;

Affirmant has read the foregoing Summons & Amended Complaint and knows the contents thereof; that the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters he believes it to be true.

Affirmant further states that the source of his information and the grounds for his belief are derived from interviews with Plaintiff and from the case file maintained in the normal course of business.

Affirmant further states that the reason this verification is not made by Plaintiff is that Plaintiff is not presently within, nor does she reside in the County of New York, which is the county wherein the attorneys for Plaintiff herein maintain their offices.

Dated: New York, New York
      April 2, 2025

                  PFAU COCHRAN VERTETIS AMALA PLLC

                  Lucas B. Franken

16