LAW OFFICES
WILLIAMS & CONNOLLY LLP

KRYSTAL C. DURHAM
(202) 434-5493
kdurham@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
202.434.5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

April 8, 2025

BY ECF

The Honorable Naomi Reice Buchwald
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    *PCVA Jane Doe v. UMG Recordings, Inc. et. al.*, 25-CV-02745

Dear Judge Buchwald:

    We write on behalf of Defendant Kevin Wesley Liles in the above-captioned matter, pursuant to paragraph 2(B) of Your Honor's Individual Practices, to request a pre-motion conference with respect to Defendant Liles's intention to file a Motion to Dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).  In short, Plaintiff's claims are plainly untimely under direct precedent from this District, and she has failed to meet even the liberal pleading standard of Federal Rule of Civil Procedure 8.  That she cannot plead the relevant facts is not surprising as the claims are entirely false.  We respectfully request the Court's permission to fully brief the grounds for dismissal.

**I.    Background**

    Kevin Liles is one of the most respected members of the music industry, routinely recognized not only for his business savvy and contributions to the culture, but also his steadfast support of traditionally underrepresented groups.  Starting as an unpaid intern at Def Jam Recordings in 1991, he worked his way up to become the company's President at age 31.  Since then, he has launched multiple brands and businesses, served on various Boards of Directors, and founded charities and philanthropic organizations focused on creating opportunities and improving outcomes for marginalized communities.  His career has been spent mentoring and promoting women and men from all backgrounds, including but not limited to, artists, politicians, innovators, and content creators.  During his storied career, Mr. Liles has never faced a single accusation of sexual impropriety.  That is, until Plaintiff filed this patently false and untimely lawsuit some twenty-three years after the alleged conduct purportedly occurred and more than a year after the closure of the state of New York's extraordinary "look-back" window for reviving such time-barred claims.

April 8, 2025
Page 2

Plaintiff PCVA Jane Doe alleges that she became an employee of Defendant Universal Music Group ("UMG") in "approximately 1999." Am. Compl. ¶ 21.  According to Plaintiff, shortly after she started, Mr. Liles "began sexually harassing her" by making unspecified "derogatory and degrading comments based on her gender regarding her body and appearance." *Id.* ¶ 23.  This alleged misconduct took place from "approximately 2000 to and through 2002." *Id.* ¶ 24.  Plaintiff never specifically identifies what Mr. Liles purportedly said to her or about her.  Without alleging the relevant details, Plaintiff asserts that, on an unspecified occasion in 2002, she "rebuffed" Mr. Liles's advancements and he then sexually assaulted and raped her.  *Id.* ¶ 25.  Beyond these threadbare assertions, spanning only three paragraphs, Plaintiff offers zero factual bases for her salacious allegations.

## II.    Arguments

The Amended Complaint should be dismissed with prejudice because Plaintiff's claims are plainly time-barred.  Even if they weren't, Plaintiff has failed to make more than "naked assertion[s]" devoid of "factual enhancement," required to survive a motion to dismiss.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A.    Plaintiff's Claims are Untimely

Plaintiff's claims, filed on February 26, 2025, allege conduct that occurred approximately 23 years ago.  The claims originally become time-barred more than a decade ago.  But in 2022, the New York State Legislature passed the Adult Survivors Act ("ASA"), which created a one-time *one-year* look-back window for individuals to assert otherwise time-barred claims arising from sexual offenses they endured as adults. The ASA explicitly required that *any* such claims be brought between November 24, 2022 and November 24, 2023.  During that period, plaintiffs could pursue their otherwise time-barred claims against alleged abusers for sexual offense conduct under Article 130 of the Penal Law, as Plaintiff attempts to do here.  *See* Am. Compl. ¶ 5.  But Plaintiff failed to assert any claim against Mr. Liles whatsoever during that one-year window, and it has now closed.

Plaintiff attempts to circumvent that failure by pleading her claims under a New York City ordinance, the Victims of Gender-Motivated Violence Protection Law ("VGML"), which purported to establish a longer look-back period.  She does so to no avail.  Cases in this District have held that "the limitations provision of the VGMLVPA is preempted by the state's adoption of . . . the [ASA]."  *Bellino v. Tallarico*, 2024 WL 1344075, at *1 (S.D.N.Y. Feb. 21, 2024), *appeal withdrawn,* 2024 WL 3170987 (2d Cir. Apr. 4, 2024); *see generally Parker v. Alexander*, 2025 WL 268436, at *2 (S.D.N.Y. Jan. 22, 2025).  The New York State legislature—*after* the City amended the VGML to include a look-back window—unambiguously drafted the ASA to cover "*every* civil claim or cause of action" brought against any party "alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law."  CPLR § 214-j (emphasis added).  This explicitly applies "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary." *Id.*  As Judge Kaplan recently and unequivocally held: the ASA is "comprehensive," and provides for an "exact time frame[] during which claims may be brought." *Parker*, 2025 WL

April 8, 2025
Page 3

268436, at *2.  Because it occupies the field of all revival claims, the State ASA preempts the New York City statue, including the look-back period provided by the latter.  *Id.*  Each of Plaintiff's claims—both arising under the VGML itself and under traditional tort theories—are claims "alleging intentional or negligent acts . . . suffered as a result of conduct which would constitute a sexual offense" that could have, and should have, been brought during the ASA's look-back window.  CPLR § 214-j.  As such, the failure to file by November 24, 2023 is fatal.

Of note, there is at least one pending appeal before the Second Circuit that squarely addresses the issue of the ASA's preemption of the VMGL.  *Parker v. Alexander*, 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025).  If the Circuit affirms the district court's opinion, it will be case dispositive here.[1]

### B. Plaintiff Fails to Meet the Rule 8 Pleading Standard

In three brief paragraphs, spanning less than a page, Plaintiff attempts to lodge four, serious claims against Mr. Liles, including salacious allegations of sexual assault that purportedly occurred over twenty years ago.  But she does little more than simply assert in conclusory form that Mr. Liles assaulted her.  Courts regularly dismiss complaints where, as here, they fail to provide the defendants with "fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555.  The purpose of this requirement is to "provide fair notice of the claims and to enable the adverse party to answer the complaint and prepare for trial."  *Strunk v. U.S. House of Representatives*, 68 F. App'x 233, 235 (2d Cir. 2003).

Plaintiff offers no detail whatsoever regarding the nature of the purported assault she suffered.  She claims that, at some point over twenty years ago, Mr. Liles "began sexually harassing her" in UMG's office.  Am. Compl. ¶ 24.  She alleges that at unspecified times, and in unspecified locations, during a two-year window—again, over twenty years ago—Mr. Liles sexually harassed and assault her.  She fails, however, to explain when these purported acts occurred, where in UMG's offices they occurred, identify a single person she reported this information to, or who was present. Without reference to a specific date or location, Plaintiff then lodges the serious allegation that Mr. Liles forced himself on her.  *Id.* ¶ 25.  She, again, provides no detail regarding the purported event and submits only the bare conclusion that Mr. Liles's alleged conduct amounted to rape and sexual assault.  Like the other specific details she fails to provide, Plaintiff does not offer a specific time, how she came to be in contact with Mr. Liles who she neither reported to nor worked for, or anything other than the conclusory assertion that she suffered an assault.  This Court need not credit Plaintiff's threadbare recitals and "defendant-unlawfully-harmed-me" accusations.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)*.*

For the foregoing reasons, we respectfully request permission to proceed to full briefing.

---

[1] There is also an appeal pending regarding a different state statute governing claims for minors—the Child Victims Act ("CVA")—and its preemption of the VMGL.  *Doe v. Black*, 2024 WL 4335453 (S.D.N.Y. Sept. 27, 2024) (holding VGML not preempted by CVA).  However, the court in *Black* did not consider the conflicting look-back windows between the VGML and the ASA; it addressed only the CVA's look-back window, which closed before the VGML was amended.  *See Parker*, 2025 WL 268436, at *4.

April 8, 2025
Page 4

                                                     Respectfully submitted,

                                                     */s/ Krystal C. Durham*
                                                     Krystal C. Durham

cc: All Counsel of Record via ECF