

**PRYOR CASHMAN LLP**

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569  Tel: 212-421-4100  Fax: 212-326-0806

www.pryorcashman.com

**Donald S. Zakarin**
Partner

Direct Tel: (212) 326-0108
Direct Fax: (212) 710-6086
dzakarin@pryorcashman.com

April 8, 2025

**BY ECF**

The Honorable Naomi Reice Buchwald
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 21A
New York, NY  10007-1312
BuchwaldNYSDChambers@nysd.uscourts.gov

      Re:    *PCVA Jane Doe v. UMG Recordings, Inc. and Kevin Wesley Liles,*
             1:25-cv-02745 (NRB)

Dear Judge Buchwald:

      Our firm represents UMG Recordings, Inc. ("UMGR") in the above-referenced case. Plaintiff alleges that Defendant Liles sexually harassed and raped her at some unspecified points in time between 2000 and 2002 while she was employed by UMGR.  Plaintiff asserts claims against both Mr. Liles and UMGR under New York City's Victims of Gender-Motivated Violence Protection Act ("VGMVPA"), as amended in 2022, and also alleges a negligence claim and an intentional infliction of emotional distress claim against both UMGR and Mr. Liles (Plaintiff also alleges claims for assault and battery solely against Mr. Liles).

      I write on behalf of UMGR, pursuant to Your Honor's Individual Rule 2(B), to request a pre-motion conference regarding UMGR's anticipated motion pursuant to FRCP 12(b)(6) to dismiss the Plaintiff's claims against UMGR with prejudice.

      First, although the 2022 Amendment of the VGMVPA extended liability from only "individuals" to "parties" (which would appear to include corporations), it did so *prospectively* only.  "Retroactive operation is not favored by the courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it." *Doe v. Combs*, No. 23-CV-10628 (JGLC), 2024 WL 4987044, at *3 (S.D.N.Y. Dec. 5, 2024) (quoting *Gottwald v. Sebert*, 40 N.Y.3d 240, 258 (2023) (cleaned up)).  "Amendments are presumed to have prospective application unless the [l]egislature's preference for retroactivity is explicitly stated or clearly indicated . . . [and] remedial legislation should be given retroactive effect in order to effectuate its beneficial purpose." *Id.*, at *3 (quoting *In re Gleason (Michael Vee, Ltd.*), 96 N.Y.2d 117, 122 (2001) (internal quotation marks and citations omitted)); *Bensky v. Indyke*, No. 24-CV-1204 (AS), 2024 WL 3676819, at *10 (S.D.N.Y. Aug. 5, 2024); *J.L. v. Rockefeller Univ.*, No. 950131/2020, 2023 WL 3757389, at *11 (N.Y. Sup. Ct. May 25, 2023); *Regina Metro. Co., LLC v. N.Y. State Div. of Hous. & Cmty. Renewal*, 35 N.Y.3d 332, 370 (2020); *Louis v. Niederhoffer*, No. 23-CV-6470 (LTS), 2023 WL 8777015, at *1 (S.D.N.Y. Dec. 19, 2023).

**PRYOR CASHMAN LLP**

The Honorable Naomi Reice Buchwald
April 8, 2025
Page 2

Consistent therewith, the courts have rejected retroactive application of the VGMVPA to corporate entities with respect to alleged conduct predating the passage of the 2022 amendment. UMGR thus cannot be held liable for conduct that allegedly occurred between 2000 and 2002. *See Combs*, 2024 WL 4987044, at *4; *Regina Metro. Co., LLC*, 35 N.Y.3d at 370; *Gottwald*, 40 N.Y.3d at 258; *Bensky*, 2024 WL 3676819, at *10; *J.L.*, 2023 WL 3757389, at *11; *Louis*, 2023 WL 8777015, at *1; *Bellino v. Tallarico*, 24-CV-00712 (LAK), ECF. No. 28 at 2 (S.D.N.Y. Apr. 26, 2024); *Stein v. Rockefeller Univ. Hosp.*, No. 1599/2023, ECF. No. 44 (Sup. Ct. N.Y. Cnty. May 23, 2024); *Doe v. Lee Strasberg Theatre & Film Inst.*, No. 952014/2023, 2023 WL 8895417, at *2 (Sup. Ct. N.Y. Cnty. Dec. 21, 2023). As the Plaintiff's claims involve alleged conduct occurring in 2000 through 2002, there is no claim against UMGR under the VGMVPA.

Moreover, Plaintiff's VGMVPA claim is preempted and time-barred by New York state law, which provides "a comprehensive and detailed regulatory scheme" under the New York Child Victims Act, C.P.L.R. § 214-g ("CVA"), and the Adult Survivors Act, C.P.L.R. § 214-j ("ASA"), precluding local New York City government from "legislat[ing] on the same subject." *DLJ Rest. Corp. v. City of N. Y.*, 96 N.Y.2d 91, 95 (2001); *Bellino*, 2024 WL 1344075, at *1 (finding that "the VGMVPA is preempted by the state's adoption of the Child Victims Act and the Adult Survivors Act"); *Parker v. Alexander*, No. 24-CV-4813 (LAK), 2025 WL 268436, at *5 (S.D.N.Y. Jan. 22, 2025) (same) (citations omitted).

As articulated in *Bellino* and *Parker*, the CVA and ASA collectively "apply to all civil claims by child and adult victims for personal injuries arising from conduct constituting sexual offenses defined by Article 130 of New York Penal Law," and do so "notwithstanding" any limitations period to the contrary. *Parker*, 2025 WL 268436, at *2. Further, the CVA and ASA are "detailed" and "provide exact time frames during which claims may be brought." *Id.* Most tellingly, the timing of the ASA, which was passed four months after the 2022 Amendment was enacted, confirmed the legislature's intent to preempt local New York City law, as "the state easily could have carved the [VGMVPA] out of the ambit of the ASA" yet "opted not to do so." *Id.* at *3.

Furthermore, UMGR cannot be held liable for the alleged actions of Mr. Liles. Assuming he had engaged in the conduct alleged, UMGR is a music company and the alleged conduct was indisputably not in furtherance of any business of UMGR. An employer may only be held responsible for the acts of its employee "if those acts were committed in furtherance of the employer's business and within the scope of employment." *N.X. v. Cabrini Med. Ctr.*, 97 N.Y.2d 247, 251 (2002). Indeed, "it is well-settled" that alleged "sexual misconduct is necessarily outside the scope of employment." *Doe v. N. Y. City Dep't of Educ.*, No. 21-CV-4332, 2023 WL 2574741, at *5 (E.D.N.Y. Mar. 20, 2023); *Doe v. Solebury Sch.*, No. 21-CV-06792 (LLS), 2022 WL 1488173, at *3–4 (S.D.N.Y. May 11, 2022) (dismissing sexual assault-related vicarious liability claim against employer); *Doe v. Alsaud*, 12 F. Supp. 3d 674, 677 (S.D.N.Y. 2014) (dismissing *respondeat superior* claim against employer, collecting cases and noting that "[n]o decision in New York has been cited to date in which the doctrine of *respondeat superior* was held to apply to sexual assault."); *Judith M. v. Sisters of Charity Hosp.*, 93 N.Y.2d 932, 933 (1999); *Kirkman v.*

# PRYOR CASHMAN LLP

The Honorable Naomi Reice Buchwald
April 8, 2025
Page 3

*Astoria Gen. Hosp.*, 204 A.D.2d 401, 402 (2d Dep't 1994); *Joshua S. v. Casey*, 206 A.D.2d 839, 839 (4th Dep't 1994) (upholding dismissal of *respondeat superior* claim for sexual abuse of a child by a priest); *Koren v. Weihs*, 190 A.D.2d 560, 560–61 (1st Dep't 1993).

      With respect to Plaintiff's second claim for negligence, whether CPLR Section 214 applies (three-year statute of limitations) or Section 213-c applies (twenty-year statute of limitations), Plaintiff's claim of negligence for alleged conduct 23 to 25 years ago is time-barred. While Plaintiff's claims are misnumbered (asserting two "second" causes of action), her enumerated fourth claim for intentional infliction of emotional distress (actually her fifth claim), as recently held in *Barbetta v Facchini,* No. 2022-00006, 2025 WL 699736, at *2 (N.Y. App. Div. Mar. 5, 2025), is time-barred:

> "Causes of action to recover damages for intentional infliction of emotional distress are governed by a one-year statute of limitations, and causes of action to recover damages for negligent infliction of emotional distress have a three-year limitations period (*Kramer v Meridian Capital Group, LLC*, 201 A.D.3d at 912 [citations omitted])."

      For the foregoing reasons, UMGR respectfully requests a pre-motion conference regarding UMGR's contemplated motion to dismiss the claims asserted against it with prejudice.

                                                  Sincerely,

                                                  Donald S. Zakarin