LAW OFFICES

**WILLIAMS & CONNOLLY**LLP*

JOSEPH M. TERRY
KRYSTAL C. DURHAM
(202) 434-5000

680 MAINE AVENUE SW
WASHINGTON, DC 20024
202.434.5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

May 1, 2025

<u>BY ECF</u>

The Honorable Naomi Reice Buchwald
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

     Re:    <u>*PCVA Jane Doe v. UMG Recordings, Inc. et. al.*</u>, 25-CV-02745

Dear Judge Buchwald,

      We write on behalf of Defendant Kevin Liles pursuant to paragraph 2(B) of Your Honor's Individual Practices to request a pre-motion conference regarding Mr. Liles's intention to move for sanctions under Rule 11 against Plaintiff and her counsel on the grounds that she previously expressly released any and all claims she might have had against Mr. Liles and covenanted not to sue.[1] We further write in response to Plaintiff's May 1 letter to Your Honor.

      To be clear: Plaintiff's claims against Mr. Liles are a lie. At the center of Plaintiff's claim is the assertion that he "raped" her in 2002 at Def Jam's office—claiming both Mr. Liles and Def Jam's parent (UMG) were liable for this alleged event. But this is a remarkably different story than Plaintiff told in 2004—when, in response to being terminated by UMG, she claimed that Mr. Liles had harassed her by making unwanted verbal advances and once danced up against her backside at a music release party. No allegation of rape or sexual assault was ever made.[2]

      UMG denied the claims but entered into a confidential settlement with Plaintiff to resolve them for a nuisance fee (less than $50,000). She broadly released any and all claims she may have had against UMG. Mr. Liles who was a former employee at the time, and though not a signatory, was expressly covered by the release. We advised Plaintiff's counsel of the settlement, and of our intent to seek sanctions unless her Complaint was immediately dismissed with prejudice. Plaintiff refuses to dismiss Mr. Liles despite the plain language of the release. Plaintiff's grounds for not dismissing her Complaint in its entirety are frivolous, and we thus object to any additional amendment of her Complaint except for to proceed under her real name,

---

[1] We respectfully request that this letter serve as formal notice to Plaintiff under Federal Rule of Civil Procedure 11 and absent the dismissal of her frivolous claims, we be permitted to proceed to full briefing.

[2] Plaintiff's signed release is inconsistent with other claims in her Verified Complaint (*e.g.*, she alleges she was harassed beginning in 1999 but did not start working at Def Jam until March 2001).

as she has agreed, but which inexplicably has not yet occurred.[3] We also respectfully request the Court's permission to fully brief the grounds for sanctions and dismissal.

## I.  Background

Contrary to the allegations in her Verified Complaint, Plaintiff worked at Def Jam from March 2001 to April 2003. Over a year after her termination, while represented by counsel, Plaintiff filed a complaint with the NY Division of Human Rights alleging she had been sexually harassed by Mr. Liles. On November 30, 2005, Plaintiff and UMG executed a confidential Settlement Agreement and General Release (the "Agreement"), whereby Plaintiff unequivocally and unambiguously released any and all claims against UMG and Mr. Liles:

> [Plaintiff]. . .*freely relinquishes and waives any and all possible claims against the Universal RELEASEES, including any and all judgments, claims, damages, or causes of action, or claims for attorneys' fees, which are known to her or reasonably should be known to her, which may have arisen from the beginning of time through the date of the execution of this Agreement*. . . . [Plaintiff] specifically acknowledges that *she waives and releases any and all claims.*

*See* Ex. 1 ¶ 5(a) (emphasis added). Plaintiff further agreed "not to file any claim or bring any lawsuit, directly or indirectly, relating to any claim" released by the Agreement. *See id.* ¶ 6. Plaintiff attested she "carefully and thoroughly read each and every word" of the Agreement "in consultation with her attorney" and "had the opportunity to negotiate the terms of th[e]Agreement." *Id.* ¶ 8. UMG refused to accept liability or acknowledge the veracity of Plaintiff's claims.  Mr. Liles was not employed by UMG at the time of the Agreement but is expressly included in the definition of "Universal RELEASEES" and the Agreement expressly and repeatedly agrees to "RELEASE ALL CLAIMS AND [ ] WAIVE[] ALL RIGHTS TO MAKE A CLAIM AGAINST . . . KEVIN LILES." Mr. Liles adamantly denies any wrongdoing.

The Agreement is clear and unequivocal. It refers to the "good faith settlement of. . . all matters related to the employment relationship. . . *and all other matters* between the parties up to and including the date of this Agreement." *See* Ex. 1 ¶ 1 (emphasis added). Plaintiff repeatedly attested that she was releasing "any claims," "any and all possible claims," and "any claims related to rights under federal, state, or local laws." *Id*. ¶¶ 1, 5, 6. Her repeated release and waiver "include[d] all claims known to [Jane Doe] or that reasonably should be known by her" and states she would not bring claims "*for any other injury arising from actions* of Universal, or *any of the Universal RELEASEES*, up to and including the date of this Agreement." *Id*. ¶ 5(b).

Upon receipt of the Agreement, the undersigned counsel promptly reached out to Plaintiff's counsel and requested a call. On April 25, 2025, Plaintiff's counsel was made aware, purportedly for the first time, that Plaintiff resolved any and all of her claims twenty years ago. Mr. Liles requested that Plaintiff expeditiously withdraw her damaging and frivolous claims.

Plaintiff has now agreed to dismiss her claims against UMG in their entirety and her harassment claims against Mr. Liles. She refuses to dismiss her remaining claim against Mr. Liles, contending that the release covers only claims related to her employment and that the

---

[3] We asked Plaintiff for consent to file this motion, and the accompanying agreement, under seal.  She declined.

(false) rape allegation is outside the scope of the release.[4] Plaintiff's arguments are without basis and would mean that an individual could conceal known (and here, fictitious) claims when settling with a counterparty, purport to release "any and all claims," and then file suit seeking remedy for those concealed claims two decades later.

## II.    Argument

The filing of the Complaint in this matter was frivolous and demands serious sanctions. Rule 11 sanctions are proper when a party files a pleading that is "frivolous, legally unreasonable, or factually without foundation, even though not signed in subjective bad faith." *Wechsler v. Hunt Health Sys., Ltd*., 216 F. Supp. 2d 347, 357 (S.D.N.Y. 2002). Here, Plaintiff's Complaint was filed in bad faith, lacks a reasonable basis, and is deliberately indifferent to the facts.  Plaintiff not only withheld information from her own counsel apparently, but she requested they file a lawsuit on her behalf, in bad faith, knowing she had already settled her claims, apparently hoping to extort a settlement out of Mr. Liles based on negative publicity.

Plaintiff released her claims and covenanted not to assert them.  General releases like this, explicitly releasing claims known and claims that should have been known, are interpreted in the broadest of terms.  *See Leonzo v. First Unum Life Ins. Co*., No. 93 CIV. 0535 (KTD), 1995 WL 505551, at *3 (S.D.N.Y. Aug. 23, 1995). Sanctions are called for where, as here, there has been a deliberate disregard of a settlement agreement and the releases contained therein. Withholding material information is an "egregious violation of Rule 11." *Durant v. Traditional Invs., Ltd*., 135 F.R.D. 42, 49 (S.D.N.Y. 1991) (collecting cases).  *Durant* favorably cited, *see id*., a decision from the Eleventh Circuit affirming Rule 11 sanctions based on counsel's "lack of factual candor" in "initial filings" that failed to disclose the existence of "settlement agreement" and "releases."  *Blackwell v. Dep't of Offender Rehab.,* 807 F.2d 914, 915 (11th Cir. 1987). Plaintiff's decision to file these claims and failure to disclose the settlement to the Court is likewise sanctionable.  Her counsel also failed to satisfy their "affirmative duty to conduct a reasonable inquiry into the facts and the law" prior to filing her verified complaint.  *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 545 (1991).  The refusal to dismiss now constitutes a "lack of candor and continuing indifference to obvious known facts regarding the existence of the settlements and releases [that] clearly supports imposition of sanctions under Rule 11."  *Bautista v. Star Cruises*, 696 F. Supp. 2d 1274, 1280 (S.D. Fla. 2010); *see also White v. Gen. Motors Corp*., 908 F.2d 675, 682 (10th Cir. 1990) (failure of party and their attorneys to act reasonably in bringing suit despite knowledge of a release warranted Rule 11 sanctions).  By refusing to immediately withdraw Plaintiff's filing, counsel has abdicated their responsibility to both the Court and the New York State Bar.  *See* N.Y. Rules of Prof'l Conduct r. 3.1.

Dismissal with prejudice is warranted. A "district judge should employ [the remedy of dismissal] only when [s]he is sure of the impotence of lesser sanctions," *Dodson v. Runyon*, 86 F.3d 37, 39 (2d Cir. 1996). That standard is met here. Courts also maintain the inherent power to award attorneys' fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46 (1991). Here, the Complaint was filed in bad faith and attorneys' fees are therefore warranted.

---

[4] Plaintiff's claims arise entirely from her role as an employee and in the employment context. *See, generally,* Compl. Plaintiff's new theory is belied by her own Complaint, the language of the Agreement, and her April 11 pre-motion letter seeking to hold UMG accountable purportedly under various theories, including *respondeat superior*.

Respectfully submitted,

*/s/ Krystal C. Durham*
Krystal C. Durham
Joseph M. Terry

cc: All Counsel of Record via ECF