# EXHIBIT 1

# SETTLEMENT AGREEMENT
# AND GENERAL RELEASE

**PLEASE READ CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL CLAIMS AND A WAIVER OF ALL RIGHTS TO MAKE A CLAIM AGAINST UMG RECORDINGS, INC., THE UNIVERSAL MUSIC GROUP, INC., THE ISLAND/DEF JAM MUSIC GROUP, A DIVISION OF UMG RECORDINGS, INC., VIVENDI UNIVERSAL S.A., LABELS OWNED IN WHOLE OR IN PART BY THOSE ENTITIES, OR ANY AFFILIATED CORPORATION, OR ANY OTHER EMPLOYEE OR REPRESENTATIVE OF UMG RECORDINGS, INC., INCLUDING, BUT NOT LIMITED TO KEVIN LILES, OR ANY RELATED ENTITY OR JOINT VENTURE (COLLECTIVELY "UNIVERSAL" OR THE "UNIVERSAL RELEASEES" AS HERE DEFINED). YOU SHOULD CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT.**

WHEREAS, Mitzila Gallardo ("GALLARDO") was employed by the Island/Def Jam Music Group, a division of UMG Recordings Inc., and with all of the above entities or individuals referred to hereinafter as "Universal," and her employment relationship with "Universal" has ended; and

WHEREAS, GALLARDO filed a charge with the New York State Division of Human Rights, Charge No. 230943/03; and

WHEREAS, GALLARDO and Universal are desirous of resolving the case and all other matters between them concerning the employment relationship and the termination of the employment relationship.

IT IS HEREBY STIPULATED AND AGREED by and among GALLARDO and Universal as follows:

1. This Settlement Agreement and Release ("Agreement") shall not in any way be construed as an admission by "Universal," and any parents, subsidiaries, predecessors, affiliates or any other successor or entity which has an interest in

*CONFIDENTIAL - NOT FOR DISTRIBUTION*
*PAGE 1 OF 7*

522187-1

SD

Universal, or any of their current or former officers, agents, employees or representatives, including, but not limited to, Kevin Liles, that any one of them, engaged in any acts that in any way violated any legal rights of GALLARDO pursuant to contract or under the federal or state constitutions or any federal, state or local laws or public policy or local regulation; or that any aspect of GALLARDO,s employment, or the treatment of GALLARDO related to her employment with Universal, was unwarranted, unjustified, discriminatory or otherwise unlawful; but constitutes the good faith settlement of the matter and the ending of the employment relationship between GALLARDO and Universal and all matters related thereto and all other matters between the parties up to and including the date of this Agreement.

2.     Universal agrees to record the reason for GALLARDO's separation from the Company as a "resignation." Universal represents there are no other documents or entries in GALLARDO's personnel file that are inconsistent with this reason. Universal agrees that Universal will not indicate to any person, whether within our outside of Universal's employ, that GALLARDO was terminated, asked to resign, or was otherwise an undesirable employee.

3.     In consideration for, and conditioned upon, GALLARDO's fulfillment of the obligations contained herein, simultaneously with GALLADO's delivery to UNIVERSAL of this Agreement, bearing her original signature, Universal shall tender directly to GALLADO, payment to GALLARDO and the Law Offices of Dawn V. Martin, the sum of $47,500 in full and complete settlement of her claims against the Universal RELEASEES (the "Settlement Payment"). GALLARDO represents that she shall make income tax payments, if any, as



may be required, with respect to the Settlement Payment to any federal, state or local taxing authority. She further agrees that she will indemnify and hold Universal harmless for any sums that may be due and owing to any government entity by Universal as the result of the payment described herein.

4. GALLARDO expressly declines to seek reinstatement as part of this settlement agreement. In addition, GALLARDO agrees not to apply to the Island/Def Jam record label for any position, for a minimum of two years from the date of the signing of this Agreement. However, if any employee of Island/Def Jam specifically seeks Employee out to offer her a position at Island/Def Jam, or an Executive at Island/Def Jam invites Employee to apply for a position, Island/Def Jam has waived its right to bar Employee from the application process, even within this two-year period. It is expressly understood that, in the event that GALLARDO ultimately reapplies to Island/Def Jam or other Universal entity, Universal or Island/Def Jam shall have no legal obligation to hire, or even to consider her for employment, but she will be treated as any other applicant for employment.

5. (a) GALLARDO, by execution of this Agreement and acceptance of the benefits provided to her pursuant to paragraph "2" of this Agreement, freely relinquishes and waives any and all possible claims against the Universal RELEASEES, including any and all judgments, claims, damages, or causes of action, or claims for attorneys' fees, which are known to her or reasonably should be known by her, which may have arisen from the beginning of time through the date of his execution of this Agreement. This waiver of judgments, claims, damages and causes of action by GALLARDO shall include, but not be limited to, any claims relating to wrongful or discriminatory treatment by Universal, or the Universal RELEASEES, with respect to her employment with Universal, and any claims

relating to rights under federal, state or local laws, including but not limited to, Title VII of the Civil Rights Act of 1964, as amended, or any other form of illegal discrimination on the basis of national origin, age, disability, race, color, creed, religion, sex, pregnancy, or marital status, sexual orientation, or any other form of illegal discrimination, retaliation, or harassment within the meaning of federal, state, or local law, and any claims of breach of contract, tortious interference with contract; tortious interference with prospective contractual relationship; fraud; fraudulent inducement; or other injury.  GALLARDO specifically acknowledges that she waives and releases any and all claims.  This release excludes the performance of Universal's obligations under the terms of this Agreement.

(b) GALLARDO further agrees that she shall withdraw, with prejudice, the claim filed with the New York State Division of Human Rights, Case No. 230943/03, and she shall file no claim against Universal, or any of the Universal RELEASEES with any federal, state or local agency, arbitration association, or court alleging discrimination or harassment, including but not limited to, claims of discrimination or harassment on the basis of disability, national origin, age, sex, pregnancy, race, color, creed, religion, marital status, or any other form of illegal discrimination, harassment, or retaliation, or violation of his rights within the meaning of federal, state, or local law, or Constitution, including but not limited to, Title VII of the Civil Rights Act of 1964, as amended, or alleging breach of contract, tortious interference with contractual relationship, tortious interference with prospective contractual relationship; fraud; fraudulent inducement; or claiming any other injury arising from actions of Universal, or any of the Universal RELEASEES, up to and including the date of this Agreement.  This waiver includes all claims now known to GALLARDO or that reasonably should be known by her.

6. GALLARDO agrees not to file any claim or bring any lawsuit, directly or indirectly, relating to any claim released in paragraph four (4) of this Agreement. GALLARDO further agrees that any claim she may have against the Universal RELEASEES has not been assigned to any third person, entity, association or corporation, and that GALLARDO is the sole and rightful owner of all such claims being released by this Agreement.

7. The terms of this Agreement shall be kept strictly confidential by both GALLARDO and UNIVERSAL. It shall not serve as evidence in any pending or future actions, claims, or controversies of any nature whatsoever, in law or equity, except: (a) as ordered by a court of competent jurisdiction; (b) as a complete bar to any claim, action or proceeding involving the matters released by this Agreement, in which event it may be disclosed in such a proceeding; or (c) in a proceeding to enforce this Agreement. This Agreement and its terms, or any information related to this matter, shall not be provided by GALLARDO to anyone, including without limitation any representative of any print, radio or television media, any past, present or prospective employee of or applicant for employment with Universal, any executive recruiter or headhunter, or the public at large, other than GALLARDO's financial advisors and legal counsel and, members of GALLARDO's immediate family. The financial and other terms of the settlement are subject to the terms of this confidentiality agreement.

GALLARDO understands and agrees that any disclosure of information in violation of this confidentiality agreement may cause Universal substantial injury and damage, the actual amount of which may be impractical or extremely difficult to determine.

Accordingly, GALLARDO agrees that if she violates paragraph "6" of this Agreement, Universal shall be entitled to damages proved to have resulted from the disclosure.

8. GALLARDO has been advised to consult with an attorney regarding this Agreement and has consulted with an attorney about the terms and conditions of this Agreement. GALLARDO represents and certifies that she has carefully and thoroughly read each and every word of this Agreement in consultation with her attorney. GALLARDO represents that she fully understands all of the provisions and effects of this Agreement and has thoroughly discussed all aspects of this Agreement with her attorney. GALLARDO represents that she has had the opportunity to negotiate the terms of this Agreement through her attorneys, and she is voluntarily and of her own free will entering into this Agreement. GALLARDO represents that neither Universal, nor its current or former agents, representatives, employees, or attorneys, have made any representations concerning the terms or effects of this Agreement other than those specifically contained herein.

9. This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior verbal or written agreements or understandings among the parties pertaining to the subject matter addressed herein. This Agreement, including this paragraph, cannot be changed except in a written amendment to this Agreement signed by all parties hereto.

10. This Settlement Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of New York. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties, regardless of who drafted it.

11. This Agreement may be executed in more than one counterpart, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

UMG RECORDINGS, INC.

_____      By: _____
MITZILA GALLARDO

Date: 11/30/05

CONFIDENTIAL - NOT FOR DISTRIBUTION
PAGE 7 OF 7

522187-1